AUGUSTUS MOOR, Respondent, *v.* TEED and
SEEGARDEN, Appellants.

Where the action was brought against surgeons "for mal-practice, by reason of
which amputation became necessary," it was held to be error for the court to in-
struct the jury, " that if they believe, from the evidence, that the defendants were
guilty of negligence, carelessness, or inattention, in their treatment of plaintiff's
wounds, by which he was caused great *bodily pain* and *suffering*, the plaintiff is
entitled to a verdict."

APPEAL from the Tenth Judicial District, Yuba County.

This was an action brought against the defendants, physicians
and surgeons, to recover damages for mal-practice, by reason of
which the plaintiff alleged the amputation of his arm became
necessary. The only point considered by this court, is fully set
forth in the opinion of the court.

*Fields*, for appellants.

*Borie* and *Dana*, for respondent.

WELLS, Justice, delivered the opinion of the court. HEYDEN-
FELDT, Justice, concurred.

This action is brought against the defendants as surgeons, for
alleged mal-practice in the treatment of a wounded arm of the
plaintiff, by which amputation became necessary.

Among the instructions given to the jury, at the request of the
plaintiff, and to which the defendants excepted, was the fol-
lowing :—

"That if the jury believe, from the evidence, that the defen-
dants were guilty of negligence, carelessness, or inattention, in
their treatment of the plaintiff's wounds, by which the plaintiff was
caused great *bodily pain and suffering*, the plaintiff is entitled
to a verdict."

In giving this instruction, the court below erred. The defen-
dants are not sued for causing *bodily pain and suffering* by their
negligence or carelessness. They are sued for alleged mal-prac-
tice, by which amputation became necessary.

The injury complained of, is the loss of the arm. If the

amputation was not rendered necessary by any mal-practice of the defendants, they were, under the pleadings of the case, entitled to a verdict.

The judgment must be reversed, and the case remanded.

Ordered accordingly.