# W. J. WATSON V. C. A. B. JACKSON.

ATTACHMENT, *Motion to Discharge; Inconclusive Decision.* The decision of a motion made before a justice of the peace, to discharge from seizure certain property taken on attachment, on the ground that it is exempt, is not conclusive, and the question of exemption may be tried thereafter in an action of replevin brought by the judgment debtor.

### *Error from Neosho District Court.*

REPLEVIN, brought by *Watson* against *Jackson,* to recover the possession of 450 bushels of corn. Trial at the April Term, 1880, of the district court, and judgment for the defendant. The plaintiff brings the case here. The opinion states the facts.

*Cates & Keplinger,* for plaintiff in error.

*Orange O. Felkner,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Jackson brought suit and obtained an order of attachment before a justice of the peace, suing Watson and attaching his property. Watson moved to have the property released as exempt, and because Jackson's affidavit filed to obtain the attachment was, as he claimed, not true; to all this he made and filed his affidavit. Judgment was for Jackson for $90.75, and that the property was not exempt, and that Jackson's affidavit was true, and that the motion of Watson be refused. Jackson purchased the property sold under an order of sale issued by the justice of the peace on that judgment. Watson brought replevin in the district court, claiming the property as exempt; Jackson pleaded the judgment as *res adjudicata.* Watson demurred to that much of Jackson's plea; demurrer overruled. Watson excepted, and has brought the case here.

The argument on the one side is, that as by *Urquhart v. Smith,* 5 Kas. 447, the decision of the justice was reviewable

upon error, within the argument as presented in *Hoge v. Norton*, 22 Kas. 374, the ruling on the motion was conclusive. That on the other side is, that by the ruling in *White-Crow v. White-Wing*, 3 Kas. 276, the decision of a motion to confirm or set aside a sale is not conclusive upon the question of exemption, and therefore that a prior decision on a motion to discharge property from an attachment on the ground of exemption is also not conclusive.

We agree with the views of plaintiff in error. The present case comes within the letter and spirit of the ruling in 3 Kas., *supra*. If upon final process the decision of a motion to set aside the sale of property claimed to be exempt is not conclusive, *a fortiori* the ruling of a motion to set aside a seizure upon *mesne* process should not be conclusive. It will be noticed that the statute provides expressly for a ruling and decision upon questions affecting the truth of the affidavit, and consequent sufficiency of the attachment proceedings, and for a review in this court by proceedings in error of the decision of the district court on a motion to dissolve an attachment. (Code, §§ 228, 542; Justices' Act, § 53.) But the question of exemption turns not at all upon the sufficiency of the attachment proceedings, and is nowhere in terms committed to the decision of the court. Conceding their regularity and sufficiency, the right to take the particular property seized is denied. But any party interested in a suit may make a motion with reference to his interest, whether he is legally or technically a party thereto or not. (*Green v. McMurtry*, 20 Kas. 193.) So, although the attachment proceedings or the execution be sufficient and regular, the attachment or judgment debtor may replevy exempt while not unexempt property. (Code, § 177; Justices' Act, § 56.) In such an action he may have a jury. (Code, § 266.) And there the regularity of the attachment or execution is conceded. Indeed, that is a question not triable in replevin. (*Westenberger v. Wheaton*, 8 Kas. 169.) The ruling on a motion to discharge exempt property from seizure comes not under express grant of power to the court, but under the general powers of a

court to prevent the wrongful use of its process. Such a question being nowhere in express terms given to the court for decision, we take it that the general doctrine as to the conclusiveness of a ruling upon a motion controls. Such a question, it is true, was reviewed upon error by this court in 5 Kas., *supra*. But the right to review was not challenged, and the case turned upon the correctness of the ruling in the lower court. We do not mean to criticise or overrule that case, or hold that such a question may not be reviewed upon error, but we do decide that such a ruling is not conclusive. It is not a ruling which is expressly granted to the court either in the first or final instance, and therefore one whose decision may be submitted to the opinion of a jury.

The judgment of the district court will be reversed, and the cause remanded with instructions to sustain the demurrer.

All the Justices concurring.