## B. W. BURCHETT vs. M. S. PURDY.

1. REPLEVIN—*Variance—Sheriff*—The record shows that this action was brought against B. W. Burchett in his individual capacity and not as sheriff of Kingfisher county. The evidence disclosed the same state of facts. *Held*, not a fatal variance between the pleadings and the proof.

2. SAME—The plaintiff cannot always certainly tell by what right one interfering with his possession claims to act, and the only safe way is to make the person interfering with his right of possession, defendant, and let him plead his agency or official character as a defense, if he is not acting for himself.

3. REPLEVIN—*Demand*—When an officer levies an execution upon the property of one not named in the writ, a demand is not necessary by the owner before bringing replevin, or where an officer levies upon one person's property to pay the debt of another, or when the original taking was wrongful and the officer was not in the proper discharge of his duty, or if the seizure on execution was illegal in any manner, or the property is found by the officer in the custody of a stranger to the writ, either actual or constructive, which is the same in law, no demand by the true owner is necessary.

4. DAMAGES—The award of damages in the sum of $50 in this case is not excessive.

*Error from the Probate Court of Kingfisher County.*

Action in replevin by M. S. Purdy against B. W. Burchett. Judgment for Purdy for return of property and damages in the sum of $50. The facts are stated in the opinion. Defendant brings error. Judgment of lower court affirmed.

*Boynton & Smith*, for plaintiff in error.

*Noffsinger & Nagle* and *Kane & Jones*, for defendant in error.

The opinion of the court was delivered by

SCOTT, J.:   Complaint in this case was filed on the 15th day of April, 1893, by M. S. Purdy against B. W. Burchett in the probate court of Kingfisher county, alleging that he was the owner of and entitled to the immediate possession of certain articles of personal property, viz: a saloon outfit set forth in an itemized statement thereto attached and made a part of the complaint, as "Exhibit A," of the aggregate value of two hundred and fifty-one dollars and fifty-eight cents ($251.58), and that the defendant had possession thereof without right and unlawfully detained the same from the plaintiff to his damage in the sum of five hundred dollars. Plaintiff prayed judgment for the possession of said property and five hundred dollars damages, for

such unlawful taking and detention, and for all other proper relief. The usual replevin affidavit was subscribed and sworn to and properly filed in the case. A writ thereupon issued and the property was turned over to the plaintiff. The answer was a general denial.

Upon the issues thus formed, a jury being waived, judgment was rendered for the plaintiff for the return of the property and damages in the sum of fifty dollars, ($50). The defendant then filed a motion for a new trial, setting forth, (1) that the judgment of the court was contrary to law and not supported by sufficient evidence; (2) that there was a material variance between the evidence and the allegations of the complaint, as denied by the answer, specifying that the evidence wholly failed to show that the said Burchett, in his individual capacity, took from the plaintiff or detained the property in controversy, or any part thereof, but that said property was taken and held by said Burchett, as sheriff of Kingfisher county, Territory of Oklahoma, under and by virtue of an execution, in an action in attachment entitled *Samuel Westheimer & Co. vs. R. T. Lee, et al.*; and (3) that the damages were excessive and the award thereof unlawful and contrary to the law and the evidence.

The court overruled the motion and rendered judgment thereon as hereinbefore stated. A bill of exceptions was thereupon presented, allowed, signed and filed and the case comes to this court on appeal under § 1566. p. 563 of the statutes of 1893, by petition in error. ( *Chandler vs. Colcord*, 1 Okla. 260.)

The plaintiff in error assigns five grounds of error, but groups the first, second, third, fourth and fifth assignments and treats them as one, only, relying principally upon two grounds in his brief.

In the first ground of error the plaintiff in error argues the question as to whether an action in replevin is maintainable against a person, in his private and

Burchett vs. Purdy.

individual capacity, to recover personal property, levied upon under process of the court while acting in his official capacity, as sheriff. This being conceded, does it constitute a fatal variance between the pleadings and the proof?

The second question presented is, was a demand necessary before the commencement of this action under the law and the facts of the case?

We think both these questions should be answered in the negative, and the authorities are practically uniform on both propositions and fully support the negative response of the court to them.

We will dispose of the questions in their order. On the first, the evidence shows that prior to instituting this action the defendant below, B. W. Burchett, entered the place of business of plaintiff below, M. S. Purdy, and took therefrom, without authority of law, the goods and chattels in controversy in this action. The evidence all shows that the goods seized were the individnal property of Purdy, but they were taken by plaintiff in error over the protest of defendant in error as the property of one R. T. Lee, under an execution issued against the property of said Lee, and in which Purdy was in no wise interested.

The record shows that this action was brought against B. W. Burchett in his individual capacity, and not as a sheriff of Kingfisher county. And the evidence discloses, as above stated, that the levy was made under and by virtue of the execution against Lee. This is claimed by plaintiff in error as a fatal variance and assigned as his first ground for reversal of the court below. We cannot assent to this doctrine.

When a person wrongfully detains property, it is immaterial in what capacity he assumes to hold it. The person from whom property is wrongfully taken is not required in law to know, and cannot always

ascertain, by what authority the person wrongfully taking it, assumes to have acted. The important point is the wrongful taking or detention, and by whom detained, and not the capacity in which the person detaining the property is acting. It is clearly proper to bring an action in replevin against a defendant in his individual capacity, even when he intends to act in another capacity. If the defendant is acting as agent, sheriff, or otherwise, it is a matter in defense to be pleaded and proved as any other fact.

The plaintiff cannot always tell certainly by what right one interfering with his possession claims to act, and the only safe way is to make the person interfering with his right of possession defendant, and let him plead his agency, or official character, as a defense, if he is not acting for himself. (Cobbey on Replevin, 228; *Berghoff vs. McDonald*, 87 Ind. 549; *Rose vs. Clark*, 58 Ind. 278.)

The second assignment of error is that a demand was not made before the commencement of the action.

The decisions upon this question are neither uniform nor entirely reconcilable, but the general and better doctrine seems to be that a demand is only required when it is necessary to terminate the defendant's right of possession, or to confer that right upon the plaintiff; but when the plaintiff claims the ownership of the property, and the right of possession as incident to that ownership, and the defendant's right claimed is precisely the same, no demand is necessary. (Cobbey on Replevin, 240; *Lamping vs. Kunon*, 9 Col. 390; *Smith vs. McLean.* 24 Iowa, 322; *Eldred vs. Oconto Co.*, 33 Wis. 140; *Shoemaker vs. Simpson*, 16 Kan. 43; *Pyle vs. Warren*, 2 Neb. 241; *Homan vs. Laboo*, 1 Neb. 204).

It may be true that where an officer is proceeding according to law, under a valid writ of attachment, a demand must be made of him for the property seized

under the writ, before one claiming to be the owner can maintain replevin. (*Hines vs. Chambers*, 29 Minn 7; 11 N. W. Rep. 129). But where an officer levies an execution upon the property of one not named in the writ, a demand is not necessary by the owner, before bringing replevin, or where an officer levies upon one person's property to pay the debt of another, no demand is necessary by the true owner. When the original taking was wrongful, and the officer was not in the proper discharge of his duty, or, if the seizure on execution is illegal in any manner, no demand is necessary. The same is true if the property is found by the officer in the custody of a stranger to the writ, either actual or constructive, which is the same in law. (Cobbey on Replevin, p. 264-265; *Stone vs. O'Brien*, 7 Col. 458, 4 Pac. 792; *Leonard vs. Maginnis*, 34 Minn. 506, 26 N. W. 733; *Sharon vs. Nunan*, 63 Cal. 234; *Boulware vs. Craddock*, 3 Cal. 190; *Wellman vs. English*, 38 Cal. 583; *Hexter vs. Schneider*, 14 Ore. 184, 12 Pac. 668; *King vs. Orser*, 4 Duer. (N. Y.) 431; *Ledley vs. Hays*, 1 Col. 160).

The sheriff had no writ or authority to seize the property of Purdy, and the legal process under and by virtue of which he was acting was inconsistent with his rights. It was not incumbent upon defendant in error in law to know who the sheriff might have process of execution against, nor was he bound to know that the sheriff was pretending to act under legal authority, or in his official capacity. The property was his individual property, and unless it be taken by legal process or proceedings against him, the taking and detention is wrongful.

Whenever possession of property is illegal and inconsistent with the owner's right of possession, the law will not recognize such possession, and no demand is necessary. (*Dickson vs. Randall*, 19 Kan., 212.)

In the case of *Shoemaker vs. Simpson*, 16 Kan. 52, in a

very able and exhaustive opinion by Valentine, J., after a review of much authority, this language is used:

"A demand of the property, before commencing an action of replevin, is necessary only where the possession of the property by the defendant is rightful, or, at least, not wrongful, and where a demand is required to terminate such rightful possession, or to convert what was previously an innocent possession into a wrongful one. A demand never was necessary in a replevin action where the possession of property, by the defendant, was already wrongful without a demand. And all that is necessary to make the possession of the property of another wrongful in law, is, that the possession be without authority of the owner, and inconsistent with his rights. We think it may be laid down as a rule, that whenever one person obtains the possession of the personal property of another, without the consent of the owner, and then, without any right which the law will recognize, asserts a claim to the property inconsistent with the owner's right of property and right of possession, the possession of such person will immediately become illegal and wrongful, and no demand for the property will be required to be made by the owner, before he commences an action of replevin for the recovery of the same, although the possessor thereof may, ever so honestly, entertain the belief that his claim to the property is both legal and just."

The evidence in the case also shows that at the time the sheriff seized the property in question, he was notified by defendant in error, Purdy, that he, Purdy, was the owner of the property so seized, and ordered him not to take it. This state of facts is identical with the facts in the case of *Stone vs. Bird*, 16 Kan., 488; opinion by Brewer, J.:

"A writ against 'A' gives the officer no authority to take the property of 'B.' And if the officer takes the property of 'B,' and is notified at the time that it is the ·property of 'B,' the taking is unlawful and the subsequent detention wrongful."

We think the doctrine thus declared to be correct and supported by all the authority upon that question.

Clearly in this case the taking was wrongful, as well as the subsequent detention, and such being the fact it was not a legal duty incumbent upon the defendant in error to demand his property before institution of the action.

Plaintiff in error seeks to raise another question not properly saved in the record, and a discussion of it will be unnecessary. The point sought to be submitted is, that the defendant cannot rightfully maintain replevin for intoxicating liquors unless he show also that he is legally licensed to sell the same. Some Iowa cases are cited in support of this contention, but these cases are all based upon a special statute, and hence could not apply to the case at bar, even if the point were properly before us, for we have no such statute in this territory controling such cases.

There was ample testimony to sustain the award of damages. While it is possible that the testimony of the witnesses regarding the damages might have been stronger, and somewhat more consistent, yet the court below took the place of a jury, when a jury was waived, and in this capacity, passed upon the credibility of the witnesses. It seem that the court believed from the evidence that the damages resulting from the levy were $50. Indeeed, it is difficult for this court to believe that the damage could have been less. A wrongful seizure and detention, by execution or attachment, of property carries with it all the embarrassments known to the commercial world, and a business would be very nearly no business at all not to have been damaged in the sum of $50 by this levy. The award of damages we do not believe to have been excessive under the evidence in the case.

The judgment of the court below must be affirmed. It is so ordered.

All the Justices concurring.