J. L. BRUNSON v. R. D. MERRILL,

(Filed June 11, 1906.)

ATTACHMENT— Motion to Discharge—Inconclusive, When. The decision of a motion before a justice of the peace, to discharge from seizure certain property taken on attachment, on the ground that it is exempt, is not conclusive, and the question of exemption may be tried thereafter in an action of replevin brought by the judgment debtor.

(Syllabus by the Court.)

*Error from the District Court of Pottawatomie County; before B. F. Burwell, Trial Judge.*

*Cutlip, Taylor & Hardin,* for plaintiff in error.

*Blakeney & Conner,* for defendant in error.

Opinion of the court by

PANCOAST, J.: This was an action in replevin brought by the plaintiff in error against the defendant in error in the probate court of Pottawatomie county to recover the possession of a horse, appealed to the district court, and tried there *de novo.*

The record discloses that the property sought to be recovered was originally attached in an action brought in a justice court of Pottawatomie county by Lynch Bros. against the defendant in error; that Brunson, the plaintiff in error, was the constable who levied the attachment. In the action before the justice of the peace, the case was tried upon its merits, judgment rendered in favor of the plaintiff, the order of attachment sustained, and an order of sale issued, to sell the attached property. No appeal was taken from this judgment.

This action was instituted to recover the property of the constable, Merrill claiming that the property taken was exempt. The defense was, first, that there was no demand made for the property prior to bringing the action; second, that the question of exemption is *res adjudicata* because of the prior judgment sustaining the attachment in the case before the justice of the peace; and third, that if the question of exemption is not *res adjudicata,* still the property is not exempt because the defendant was in the act of removing his property from the territory when the attachment proceedings in the justice court were begun. The case was tried to a jury. Evidence was introduced by both parties, including, on the part of the defendant, the record, files and judgment of the justice court in the attachment suit. The court directed the jury to find a verdict for the plaintiff, but submitted to the jury the question of the value of the property taken. The court then rendered judgment upon the verdict in favor of the plaintiff. From this judgment the plaintiff in error appeals.

Considering the questions involved in the order in which they are argued in the brief brings to our notice the question of whether or not under the circumstances of this case a demand was necessary. This was exempt property. The levy and taking possession by the constable was unlawful in the first instance, and it has been held by this court in the case of *Chandler v. Colcord,* 1 Okla. 260, and *Burchett v. Purdy,* 2 Okla. 39, that when the possession of property in the first instance is unlawful, no demand is necessary prior to bringing suit for its recovery.

The question which we deem requiring more consideration than the others is as to the second proposition, it being

one that has never been before this court. The question, however, is one of practice, and has been passed upon in the case of *Watson v. Jackson,* 24 Kans. 442. In this case, cited, it is held that the judgment upon a motion to discharge attached property from levy on the ground that the property is exempt is not conclusive upon the defendant, and that the question of exemption may be tried thereafter in an action of replevin, brought by the judgment debtor.

The reason given for this rule is that the statute provides expressly for a ruling and decision upon questions affecting the truth of the affidavit, and consequent sufficiency of the attachment proceedings, and for a review in the appellate court by proceedings in error of the decision of the district court on a motion to dissolve an attachment, but that the "Question of exemption does not turn upon the sufficiency of the attachment proceedings, and is nowhere in terms committed to the decision of the court." Consequently, the defendant in such case may replevin exempt property, while he cannot unexempt property, the ruling on the motion to discharge the exempt property from seizure coming not under the express grant of power to the court, but under the general powers of a court to prevent the wrongful use of its process. This question being nowhere given in express terms to the court, the general doctrine as to the conclusiveness of a ruling upon such motion controls, that is, that such ruling is not conclusive.

While this rule does not meet the full approval of the writer of this opinion, yet this being a question of practice, and we having taken our code from the state of Kansas, under the well established rule that a code so taken is taken with the construction theretofore placed upon it by the courts

of the state from which it came, the decisions on this question by the Kansas courts are controlling here.

We see no good reason why we should not follow the Kansas decisions, and the question being there fully and thoroughly settled prior to the adoption of our code here, it follows that the ruling upon the motion by the justice of the peace should be held not to be conclusive, and not *res adjudicata.*

The third contention, viz., that the property was not exempt property because the defendant was in the act of removing his property from the territory when the attachment proceedings were begun in the justice court, is one arising out of a question of fact, based upon contradictory evidence. An examination of the record, however, would indicate that the preponderance of the evidence was in favor of the owner of the property, so that following the oft repeated rule that a judgment will not be reversed where there is evidence sufficient fairly to uphold it, this question also must be decided in favor of the defendant in error. Finding no error in the record, the judgment of the court below is therefore affirmed.

Burwell, J., who presided in the court below, not sitting; all the other Justices concurring.