## Minor vs Edwards.

Opinion rendered November 24, 1906.

(98 S. W. Rep. 151).

1. *Exemptions—Statutory Requirement.*

Mansf. Dig. Sec. 3006 (Ind. Ter. St. 1899, Art. 2121), whenever any resident desires to claim any exemption from execution he shall prepare a schedule, verified by affidavit of all his property, specifing the particular property claimed as exempt and after five day's notice to the opposite party, his agent or his attorney, shall file same with the justice or clerk issuing such execution who shall thereupon issue a supersedeas staying further proceedings under such execution. *Held;* It was not the duty of appellee to have the supersedeas served upon the constable. The supersedeas was delivered to the attorney for the adverse party, appellee therefore complied fully with the statute.

Appeal from the United States Court for the Central District of the Indian Territory; before Justice Wm. H. H. Clayton, November 25, 1902.

Action by C. W. Edwards against Sam T. Minor. From a judgment for plaintiff, defendant appeals. Affirmed.

On October 31, 1901, there was filed in the clerk's office of the United States Court at Poteau, I. T., transcript of judgment rendered in this cause by United States Commissioner John R. Pollan, of the Cameron Commissioner's district of the central district of Indian Territory. On November 25, 1902, the said cause was tried before the United States Court sitting at Poteau, I. T., when it was disclosed that this was an action of replevin brought by appellee to recover possession

of a jack that had been levied upon, and sold at execution sale as the property of appellee under a judgment in favor of Huff & Co. against appellee, and bought by appellant, which jack appellee claimed as exempt property. The execution was issued by the commissioner, and delivered to the constable of the Cameron Commissioner's district, who subsequently delivered the execution to the attorney for the plaintiffs in the judgment, who forwarded the same to the constable of the Antlers and Talihina Commissioner's district. Said constable levied the same upon the property in controversy on January 20, 1900, and advertised same for sale on January 30, 1900. It appears that on January 27, 1900, the appellee filed his schedule claiming the property as exempt, and a supersedeas was issued, and delivered to the attorney for appellee on said day; that said supersedeas was delivered by said attorney to the constable of the Cameron Commissioner's district, and by him delivered to the attorney for the execution creditor who had the execution issued against appellee, and who is now attorney for appellant. Said attorney forwarded same to the constable of the Antlers and Talihina district at Antlers, but it was not received by said constable by reason of absence. On January 30, 1900, the constable for the Antlers and Talihina district sold the property under the execution, as per advertisement, and appellant became the purchaser. It is not claimed that the constable who had made the levy and sale or the appellant was aware that a supersedeas had issued. Upon the disclosure of this state of facts the court below directed a verdict for appellee (plaintiff below). Thereupon the jury, after evidence was submitted as to the value of the property, returned the following verdict: "We the jury duly impaneled and sworn to try the above-entitled cause do find the issues in favor of the plaintiff, and that the jack sued for is the property of the plaintiff, and we assess the value of the property to be $75, and we further find the usable value of the property

to be $75. J. B: Ainsworth, foreman." On November 26, 1902, motion for new trial was filed by defendant (appellant), and the plaintiff (appellee) on same day having remitted $25 of the amount recovered by him as damages, the court over-ruled the motion for new trial, rendered judgment on the verdict, and defendant appealed to this court.

*Malcolm E. Rosser*, for appellant.

*C. E. Warner* and *W. D. Buckley*, for appellee.

TOWNSEND, J. (after stating the facts). The appellant has filed two specifications of error, as follows: "(1) The court erred in instructing the jury to find for the plaintiff Edwards. (2) The verdict was not sustained by sufficient evidence and was contrary to law." The statute of Arkansas (Mansf. Dig. ([Ind. Ter. Ann. St. 1899, § 2121]) in regard to exemptions provides as follows: "Sec. 3006. Whenever any resident of this state shall, upon the issue against him for collection of any debt by contract of any execution or other process, of any attachment except specific attachment, against his property, desire to claim any of the exemptions provided for in article 9 of the Constitution of this state, he shall prepare a schedule, verified by affidavit, of all his property, including moneys, rights, credits and choses in action held by himself or others for him, and specifying the particular property which he claims as exempt under the provisions of said article, and after giving five days' notice, in writing, to the opposite party, his agent, or attorney, shall file the same with the justice or clerk issuing such execution or other process or attachment; and the said justice or clerk shall thereupon issue a super-sedeas staying any sale or further proceeding under such execution or process, or attachment, against the property in such schedule described and claimed as exempted, and by returning

the property to the defendant. Provided, that an appeal may be taken to the Circuit Court from any order or judgment rendered by the justice of the peace upon the filing of the affidavit and executing the bond required in other cases of appeal." It is not contended that this statute was not fully complied with. The schedule was filed, and supersedeas issued as the statute required, yet appellant contends that it was the duty of the appellee to have the supersedeas served upon the constable. It is sufficient to say that the contention of appellant is not a requirement of the statute, and for this court to sustain appellant's contention is to engraft upon the statute a requirement not made by the statute itself. Appellant cites in support of his contention Healy vs Connor, 40 Ark. 352, but that case only holds that it is the duty of the person claiming exemption to see that the supersedeas is issued. It is a requirement of the statute that the supersedeas should issue, and the court very properly held that the party claiming its benefit should see that the statute was complied with. The appellee gave notice of his application for exemption, as the statute required, and the attorney for the execution creditor was present and resisted it, and after the supersedeas was issued the same was delivered to the said attorney, who forwarded the same to the constable making the levy, by mail but the constable, being absent, did not receive it. It is therefore conclusive that appellee complied fully with the statute, and the attorney of the creditor who placed the execution in the hands of the constable making the levy was cognizant of that fact. The appellee had taken every step that the law required to secure his exempt property from sale. Thompson on Homesteads and Exemptions, § 877, says: "A sale of property exempt by law from executions has no effect whatever to divest the owner of his title and vest title in the purchaser, and the owner may maintain an action against the purchaser for the conversion of such property. The levy on such prop-

erty has no more effect to change title than a levy on the property of a third person would have."

We are of the opinion that appellant obtained no title by his purchase, and the court below committed no error in directing a verdict for appellee, and the judgment is therefore affirmed.

GILL, C. J., and LAWRENCE, J., concur.