## BYERS v. INGRAHAM.

No. 5382.    Opinion Filed September 28, 1915.

(151 Pac. 1061.)

1. **REPLEVIN—Demand—Exempt Property.** A demand for the return of property before commencing a replevin action is not necessary, where the original taking of the property was wrongful; as, where exempt property has been seized and sold under execution.

2. **EXEMPTIONS—Waiver—Execution of Chattel Mortgage.** The execution of a chattel mortgage on property exempt to one not the head of a family under section 3345, Rev. Laws 1910, does not render such property subject to seizure and sale under execution issued on a judgment rendered on an unsecured debt.

3. **TRIAL—Submission of Issues—Evidence—Instructions.** Where certain facts in issue in a cause are established by uncontroverted testimony, it is not necessary for the trial court to submit such facts to the jury for finding, and it is not error for the court to tell the jury that such facts are established and to announce the law applicable to such facts and to direct the jury to find accordingly.

(Syllabus by Galbraith, C.)

*Error from County Court, Mayes County;*
*O. H. Graves, Judge.*

Action by Hugh Ingraham against S. A. Byers. Judgment for plaintiff, and defendant brings error. Affirmed.

*Brewster & Brewster,* for plaintiff in error.

*J. H. Langley,* for defendant in error.

Opinion by GALBRAITH, C. The appeal in this case is from the judgment of the trial court rendered upon the verdict of a jury in an action of replevin, involving the ownership and right to possession of one brown mule, of the value of $150. The plaintiff below claimed to own the mule and to be entitled to his immediate possession; that

it had been wrongfully seized and sold under execution, although it was exempt from execution sale under the law. The defendant below claimed title and the right of possession by reason of purchase at an execution sale had upon an execution issued upon a judgment against the plaintiff and another, and in favor of the defendant. The judgment of the county court was in favor of the plaintiff for the return of the brown mule to him, or the payment of its value with interest from date of its unlawful taking, and for the payment of the further sum of $220 for its unlawful detention by the defendant. The denying of the motion for a new trial is assigned as error, and also the giving of three certain instructions by the court, and, further, the refusal to give other instructions requested by the defendant. There is no exception to the instructions complained of given by the court, with the possible exception of instruction No. 5, which is followed by the indorsement: "Asked by the plaintiff. Given. Exception allowed"—and signed by the judge. Of course the inference would be from this notation that the exception was by the defendant, but it does not say so. However, assuming this exception to be sufficient to bring that instruction up for review, the criticism offered against the instruction is not well taken. The instruction, in substance, directs the jury that, under the laws of this state, a person, not the head of a family, and a citizen of the state, is entitled to certain property exempt from forced sale on execution, or attachment, and that among such exemptions is "one horse, bridle and saddle," and then directs the jury that the brown mule involved in this suit was exempt from sale under execution for the payment of debt under which the mule is shown to have been sold, and proceeds to tell the jury that the verdict should be for the plaintiff for the possession of the mule, or its value,

as disclosed by the testimony, and that the only question for them to determine is the value of the mule, and its usable value from the time it was taken from the plaintiff to the date of the trial.

It is argued by the plaintiff in error that under this instruction the jury could only return a verdict for the plaintiff; that it amounted to a peremptory instruction to return such verdict. We are inclined to think this is true. Still that is no objection to the instruction; for, under the testimony, there was no controversy about the fact that the plaintiff was a citizen of Oklahoma, and a resident of Mayes county, and that he was claiming this mule in controversy as exempt to him under the law. The statute (section 3345, Rev. Laws 1910) gave him th's exemption, and it was not error for the court to so tell the jury, and when, as in this case, the facts were not controverted as to the residence and the claim of exemptions, it was the duty of the court to so instruct the jury, as a matter of law, that the claim of exemption was good. *A., T. & S. F. R. Co. v. Henderson*, 27 Okla. 560, 112 Pac. 986.

The instructions requested by the plaintiff in error were properly refused, for the reason that no one of them correctly stated the law arising upon the issues in the cause. Among the instructions requested by the defendant, and the one principally relied upon by the plaintiff in error, is that one stating that before the plaintiff can recover in the action he must show that he made demand on the defendant for the return of the mule before commencing the action. This is not the law. Where the taking of the property was wrongful, as in this instance, the property being exempt from execution and sale thereunder, and having been seized under execution and sold, the sale was unlawful and the original taking was wrongful, and in such case no demand

was necessary prior to bringing suit to recover the property. The commencement of the action was sufficient demand. This exact point was raised in the case of *Brunson v. Merrill*, 17 Okla. 44, 86 Pac. 431, and in answer to this contention the court say, at page 45:

"This was exempt property. The levy and taking possession by the constable was unlawful in the first instance, and it has been held by this court in the case of *Chandler v. Colcord*, 1 Okla. 260 [32 Pac. 330], and *Burchett v. Purdy*, 2 Okla. 391 [37 Pac. 1053], that when the possession of property in the first instance is unlawful, no demand is necessary prior to bringing suit for its recovery."

Again it is complained that the court erred in striking out a part of the plaintiff in error's answer, and in excluding testimony offered in support thereof. The part of the answer stricken reads as follows:

"And before levy was made by said officer defendant made a tender to John Partain of the amount of the mortgage, debt and interest, which was due said Partain upon this mule and the other mule mentioned in plaintiff's petition. That at that time there was a subsisting and unsatisfied mortgage on said two mules given by plaintiff herein to the said John Partain, which sa'd mortgage was duly acknowledged and filed in the register of deed's office in the above county and state, a copy of which said mortgage is hereto attached, marked 'Exhibit A' and made a part hereof. That thereafter said defendant paid said mortgagee the full amount of his mortgage debt and obtained all mortgagee's rights in pursuance of said tender."

This part of the answer did not state a defense to the action, and did not justify the plaintiff in error in retaining possession of the mule, for the reason that a breach of the mortgage was not alleged, nor were any other facts set out that showed a right in the holder of the mortgage to the possession of the mule in controversy, and for that reason

it was not error to strike this part of the answer. The purchase of the mortgage by the plaintiff in error might have given the right of possession of the mortgaged property to the purchaser. Ordinarily the assignee of the mortgage simply has the right to foreclose upon condition broken. No facts were set out in the answer that showed the right to foreclose the mortgage at that time, or the right to the possession of the mule in dispute as against the claim of the plaintiff. Since the part of the answer stricken did not state a defense, either alone or taken in connection with the other part of the answer, it was not error in the court directing it to be stricken, and for the same reason it was not error to exclude testimony offered in support of such stricken part of the answer.

If the amount of the judgment for the wrongful detention of the mule were submitted to us for determination, we would, perhaps, hold that the amount was excessive. That is not a question before us, but was a question rightfully submitted to the jury by the trial court, and since there is evidence to support this finding, and no prejudicial error of law appears in the record, we conclude that the exceptions should be overruled, and the judgment appealed from affirmed.

By the Court: It is so ordered.