## CROSS v. INGE et al.

No. 14554—Opinion Filed June 10, 1924.

Rehearing Denied Dec. 23, 1924.

**1. Exemptions — Inapplicability of Bulk Sales Law to Exempt Property.**

The bulk sales law, which is section 6027, Comp. Stat. 1921, and the following sections in chapter 37, art. 2, Comp. Stat. 1921, has no application to property made exempt from attachment or sale under execution by the Oklahoma exemption law.

**2. Same.**

A sale and transfer of exempt property without complying with the so-called bulk sales law, does not subject such exempt property to attachment as provided in the bulk sales law.

**3. Same.**

The language of the bulk sales law referring to "a stock of goods, wares and merchandise" has no reference to and does not include property made exempt from attachment or sale under execution by the Oklahoma exemption statutes.

**4. Judgment—Res Judicata — Question of Exemptions—Decision in Justice Court in Attachment Proceeding.**

The decision of a motion made before a justice of the peace to discharge from seizure certain property taken on attachment, on the ground that it is exempt, is not conclusive, and the question of exemption may be tried thereafter in an action of replevin brought by the judgment debtor. Watson v. Jackson. 24 Kan. 442: Brunson v. Merrill, 17 Okla. 44, 86 Pac. 431.

**5. Same—Reversal of Judgment.**

Record examined, and held, that the judgment of the trial court should be reversed, with directions to grant the plaintiff a trial upon the question of his exemptions as claimed in his replevin suit.

(Syllabus by Shackelford, C.)

Error from District Court, Oklahoma County; William H. Zwick, Judge.

Action by E. E. Cross against R. J. Inge and M. Ake, for possession of certain personal property. Judgment for defendants, and plaintiff appeals. Reversed.

Billups & Tisinger, for plaintiff in error.

W. J. Davidson, for defendants in error.

Opinion by SHACKELFORD, C. The facts out of which this action grew are about as follows: A man by the name of H. O. Richards was the owner of certain shoe shop equipment and material in Oklahoma City, consisting of machinery, tools, and implements used for shoe repairing, and certain materials to be used in such business. It seems that H. O. Richards owed certain monies to R. J. Inge, one of the defendants in error. Richards sold his shoe shop equipment and materials to E. E. Cross who took possession thereof and was using the same in the trade and business of shoe repairing. It also seems that E. E. Cross agreed to pay certain indebtedness owing Richards to Inge by paying the same in installments; and some installments thereof had been paid by Cross and received by Inge. It appears that in making the sale there was no regard paid to the statute of Oklahoma usual-

ly referred to as the bulk sales law. Later on R. J. Inge brought an action in the justice of the peace court against H. O. Richards and E. E. Cross to recover the sum of $166.90, and sued out an attachment against the property which was sold by Richards to Cross, on the theory that since the bulk sales law had not been complied with the property was, for that reason, subject to attachment. The attachment was levied upon the property and taken out of the possession of Cross, who afterwards appeared and moved to dissolve the attachment for two reasons: (1) The grounds of attachment set out in the affidavit for attachment were untrue; and (2) that the property was exempt under the law and not subject to attachment. The court overruled the motion to dissolve the attachment and found that the grounds of attachment were true and sustained the attachment and rendered judgment in favor of plaintiff and against defendants Richards and Cross for the sum of $166.90. The judgment of the justice of the peace was unappealed from and became final.

The plaintiff in error, E. E. Cross, commenced this action in the district court of Oklahoma county by filing therein his petition and affidavit in replevin seeking to recover the machinery, tools, implements, and materials which were being used by him in his trade and business as a shoe repairer at the time the attachment suit was filed against him in the justice of the peace court. The allegations of the petition are the usual allegations embodied in a petition in a suit in replevin in the district court. The affidavit in replevin contains the usual averments as required by the code provisions in replevin affidavits, and among other averments contains the following:

"That said property was taken in attachment out of the justice court rendered in favor of C. L. Smith. Oklahoma City, against said plaintiff, and that the plaintiff is a shoe repairer, and all of the property above listed is the tools and apparatus of his trade and that the same is exempt by law from being taken."

Summons and writ of replevin was issued and served, and the property taken by the sheriff and held for 24 hours, and the defendants having failed to give a redelivery bond within the time prescribed by law the property was turned over to the plaintiff, E. E. Cross, plaintiff in error here. M. Ake, one of the defendants in the action, filed a verified general denial by way of answer. The other defendant, R. J. Inge, filed a sep-

arate verified answer in which he denied every material allegation contained in the petition; and for further answer and defense this defendant pleaded the attachment proceeding in the justice of the peace court as res judicata and a bar to plaintiff's right of recovery in the replevin suit in the district court; and attached as exhibits the entire record in the justice of the peace court. The attachment affidavit, a copy of which is attached to the answer, shows that the attachment had against plaintiff's property was upon the ground that the seller, H. O. Richards, and the buyer, E. E. Cross, in the sale and purchase of the property did not comply with certain statutory provisions usually known and referred to as the bulk sales law. The plaintiff, E. E. Cross, replied to the answer of defendant R. J. Inge to the following effect: (1) That at the time the sale of the property was made by H. O. Richards to plaintiff, E. E. Cross, the defendant Inge was acquainted with the terms and conditions of the sale and consented and agreed to it, and accepted payments from E. E. Cross upon the indebtedness owing by Richards to Inge, and was, for that reason, estopped from claiming the benefits accruing under the bulk sales law; (2) that the property involved was exempt personal property of H. O. Richards at the time he made the sale to E. E. Cross and was not subject to the bulk sales law, and at the time of the attachment of the property in the suit in the justice of the peace court on which the defendants rely to bar a recovery in this case, the property was the exempt personal property of this plaintiff as property used in his trade and business as a shoe repairer, and was not subject to attachment, and that at the time the attachment was levied the plaintiff in this case, one of the defendants in the attachment suit, pointed out to the officer that the property was his exempt personal property and claimed the same as such; and (3) that the property, being the exempt personal property of the plaintiff the court acquired no jurisdiction over such exempt personal property and the orders with reference thereto were null and void. The defendants demurred to the reply of the plaintiff which demurrer was overruled.

The case was called for trial on the 24th day of January, 1923, and jury trial waived by both parties. Upon the calling of the first witness the defendants interposed an objection to the taking of any testimony because of the admission made in the plaintiff's pleading, which they claimed preclud-

ed a recovery. The court sustained the objection and rendered judgment for the defendants; to all of which the plaintiff excepted. The plaintiff gave notice of appeal and was given 60, 10, and 5 days in which to prepare and serve case-made. In apt time the plaintiff filed motion for a new trial, which was overruled, and time given to make and serve a case, and the amount of supersedeas bond fixed and the judgment superseded by giving a bond. The defendants filed a motion to dismiss the appeal because not filed herein within the time provided by law. This motion was overruled. The defendants renew the motion to dismiss the appeal in their brief. But, since the same motion was presented to the court proper and there overruled, we do not feel ourselves called upon to re-examine the motion to dismiss.

The plaintiff in error assigns as error: (1) That the court erred in sustaining the objection to the introduction of any evidence of plaintiff; and (2) the judgment was contrary to the law. The contentions made by the plaintiff in error are that: (1) The justice of the peace had no jurisdiction to make orders over the objections of the defendant in the justice of the peace court, E. E. Cross, plaintiff in error here, dealing with his exempt personal property; and (2) the order and judgment of the justice of the peace court was not res judicata and a bar to his suit in replevin for his exempt personal property in the district court. It is contended by the defendants in error that the sale made by H. O. Richards to plaintiff in error here, E. E. Cross, was made in violation of the statutes denominated the bulk sales law, which is section 6027, Comp. Stat. 1921, and rendered the property subject to attachment. This section provides in part that:

"The transfer of any portion of a stock of goods, wares and merchandise, pertaining to the conducting of said business, otherwise than in ordinary course of trade, in the regular and usual prosecution of the transferrer's business, or the transfer of an entire such stock in bulk, shall be presumed to be fraudulent and void as against the creditors of such transferrer * * *"

—and provides how such presumption may be rebutted; and section 6030, Comp. Stat. 1921, provides that where the law has not been complied with so as to rebut the presumption that the sale is fraudulent, the property so transferred shall be subject to attachment. It is not contended here that the parties to the sale and purchase of the

property complied with the provisions of section 6027, supra. This failure, the defendants in error contend, justified the attachment.

The exemption statutes are section 6595, Comp. Stat. 1921, which provides that:

"The following property shall be reserved to the head of every family residing in the state, exempt from attachment or execution and every other species of forced sale for the payment of debts" etc. * * *. Fifth. All tools, apparatus and books belonging to and used in any trade or profession"

—and section 6599, Comp. Stat. 1921, which provides for certain exemptions to persons not heads of families, is as follows:

"Third. All tools, apparatus and books belonging to any trade or profession."

It is certain that there was no intention on the part of the Legislature to abrogate the exemption law by enacting the bulk sales law. The property which cannot be sold in bulk without complying with the bulk sales law is "a stock of goods, wares, and merchandise." These words in the bulk sales law were used in their common and ordinary meaning. A merchant carries a stock of goods, wares, and merchandise for sale to customers. It cannot be said that a shoe repairer holds in stock as goods, wares, and merchandise the tools, machinery, and equipment used by him in repairing or making shoes, nor can it be said that he was keeping as a stock of goods, wares, and merchandise the materials placed in his shop to repair or make shoes, although he might, at times, depart from his ordinary trade or business to the extent of selling a pair of rubber heels or leather for half soles out of his stock of materials laid in for use in making repairs or in making shoes, or might sell some implement or tool which had been used in his trade. A resident of Oklahoma cannot commit the ground of attachment laid in the bulk sales law with his exempt property any more than he can commit any other ground of attachment in his dealings with such exempt property, for the bulk sales law has no application to the selling of or dealing with property exempt by our exemption statutes.

In Cook v. Carter et al., 61 Okla. 62, 160 Pac. 877, this court held that:

"A debtor in the disposition of his property can commit a fraud upon his creditors only by disposing of such of his property as the creditor has a legal right to look to for his pay."

"The sale of personal property 'exempt

from execution or liens' does not render such property subject to attachment in an action upon an unsecured claim against the vendor."

"The creditors of Rice could have no interest in his exempt property. He might sell it or give it away if he chose to do so, and none of the creditors rights were invaded or abridged."

The statutes of Oklahoma known as the bulk sales law do not create a new ground of attachment which would take exempt property out of the rule laid down in Cook v. Carter et al., supra. The bulk sales law has no application whatever to such tools, implements, machinery, or materials kept and used by a shoe cobbler in his business of repairing or making shoes. It is contended that H. O. Richards, the seller, was a nonresident, and had no right to make claim of exemption, and, therefore, the buyer, E. E. Cross, could not maintain a claim that the property was exempt in his hands. We are unable to tell whether it is the claim that H. O. Richards, the seller, was a nonresident at the time of making the sale, or whether he became a nonresident after he made the sale, nor does it make any difference whatever, even if he was a nonresident at the time the sale was made, for the reason that the stuff sold was admittedly such as was being used by Richards, and was sold to Cross for the purpose of, and at the time of the attachment was being used by Cross, in his trade as a shoe repairer, and does not fall within the class of "a stock of goods, wares, and merchandise" covered by the bulk sales law which creates a presumption of fraud constituting an additional ground of attachment, when sale is made in bulk without compliance therewith. The seller, H. O. Richards, had committed no ground of attachment for he did not sell the property in question in fraud of his creditor, Inge, for the reason that Inge agreed to the sale and accepted the promise of E. E. Cross to pay the debt of Richards. Under the circumstances presented here, even though the property involved herein was not exempt in the hands of Richards, when it passed to E. E. Cross and he used it in his trade and business as a shoe repairer it became exempt in his hands, and was not subject to attachment or to execution in favor of Mr. Inge, there being no lien thereon created in Inge's favor by contract to secure his claim against Richards and Cross.

The remaining question to be considered is, was the judgment of the justice of the peace court sustaining the attachment against the property claimed by Cross as exempt, when not appealed from and became final, such a judgment as became res judicata and a bar to plaintiff's action in replevin for the possession of his exempt property? The defendants in error objected to the introduction of evidence by the plaintiff because they contended that the justice of the peace court judgment was a bar; and the trial court sustained the objection upon this theory. If the judgment in the justice of the peace court is a bar to plaintiff's proceeding in replevin, the judgment of the trial court was correct and should be upheld; but, if it is not a bar to the plaintiff's rights as set up in his action in replevin in the district court, then the court below was in error, and the cause must be reversed and remanded.

The replevin action brought by E. E. Cross is brought under section 327, Comp. Stat. 1921. The provisions of said section are in part, as to what is necessary to be averred in plaintiff's affidavit in replevin, as follows:

"Fourth. That it was not taken in execution on any order or judgment against said plaintiff, or for the payment of any tax, fine or amercement assessed against him. or by virtue of an order of delivery issued under this article, or any other mesne or final process issued against said plaintiff: or,

"Fifth. If taken in execution, or on any order or judgment against the plaintiff, that it is exempt by law from being so taken."

The affidavit in replevin filed by Cross follows the statute. There is no language in the replevin statutes which would in any way suggest that when a party has his day in court in some proceeding where his exempt property is involved, that he is thereby precluded from raising the question of his exemptions in a replevin suit. The language of the act is that if his property has been taken "on any order or judgment against plaintiff," then it is necessary for him to allege under oath "that it is exempt by law from being so taken." The very language of the replevin act presupposes in such case that some action has been taken by a court adverse to his claim of exemption. The statute does not make any distinction between an action where he appears from one where he does not appear, nor is there anything in the act indicating that if he did make an appearance in the case where the "order or judgment against him" taking his exempt property was made that he would be thereby barred from setting up his rights in an independent action in re-

plevin where the question would arise squarely upon his claim of right of possession because the property was exempt from the order or judgment by which he was deprived of the possession of his exempt property. But we are not wholly dependent upon a construction of the replevin statutes. It was held in the territorial court as early as 1906, under statutes, in principle similar to those under which this action arose, that:

"An owner of exempt property sold under execution notwithstanding his compliance with" the statute, "prescribing the method of claiming property as exempt, may maintain replevin therefor against the purchaser." Minor v. Edwards, 6 Ind. Ter. 438. 98 S. W. 151.

The replevin statutes under which this action arose were adopted from the Kansas Code. In Watson v. Jackson, 24 Kan. 442, a similar question was before the Kansas Supreme Court, and there it was held that:

"The decision of a motion made before a justice of the peace, to discharge from seizure certain property taken on attachment, on the ground that it is exempt, is not conclusive, and the question of exemption may be tried thereafter in an action of replevin brought by the judgment debtor."

This case was followed in Brunson v. Merrill, 17 Okla. 44, 86 Pac. 431, where the above quotation from Watson v. Jackson was adopted as the syllabus. In the body of the opinion the court said:

"We see no good reason why we should not follow the Kansas decisions, and the question there being fully and thoroughly settled prior to the adoption of our Code here, it follows that the ruling upon the motion by the justice of the peace should be held not to be conclusive, and not res judicata."

In Shelby et al. v. Ziegler. 22 Okla. 799, 98 Pac. 989, a question similar in principle was before the court. The question is stated thus:

"Is a judgment on a motion to discharge an attachment, on the ground that the property seized under such writ was exempt, res judicata in a subsequent direct proceeding, or other action against such property?"

This question is answered in the first paragraph of the syllabus as follows:

"A judgment on a motion to discharge an attachment, on the ground that the property seized under such writ was exempt, is not res judicata in a subsequent direct proceeding in another action brought to subject the property to the judgment rendered in the action in which such attachment writ was issued."

It is not at all contended that if E. E. Cross had not appeared in the justice of the peace court in presenting his motion to discharge the attachment, that any action of the justice of the peace would bar him (Cross) from raising the question of his exemption in a direct proceeding in replevin. and we are led to think from the wording of the replevin statutes and from the decisions herein cited that it makes no difference whether he moved in the justice of the peace court to discharge the attachment because the property was his exempt property, or not. He could appear in the justice of the peace court and move to discharge the attachment because the property levied upon was his exempt property, or entirely ignore the justice of the peace court, and any orders it might make against his property; and still raise the question of his exemptions directly in replevin suit; and any orders made by the justice of the peace depriving him of his exempt property would not constitute a bar to such replevin action.

In the replevin suit in the district court the sole and only question to be determined is, was the property for which he brought the replevin suit, property used by him in his trade and business as a shoe repairer and exempt to him under the law; and were the defendants withholding possession thereof from him; and his right to a trial upon such questions is not in any sense barred by the order and judgment of the justice of the peace court denying and overruling his motion to discharge the attachment and sustaining the attachment and ordering the sale of the property.

The holding and judgment of the district court that the orders and judgment of the justice of the peace court, pleaded by the defendants, is res judicata on the question presented in the plaintiff's replevin suit, was error requiring a reversal of the judgment The plaintiff in error is entitled to a trial upon the question of his exemptions, notwithstanding the judgment of the justice of the peace court.

We recommend that the judgment appealed from be reversed and remanded to the district court of Oklahoma county, with directions to grant the plaintiff. E. E. Cross. a trial upon his exemption claim as pleaded in his replevin action.

By the Court: It is so ordered