**SAFFA et al. v. THACKER et al.**

No. 27216.　June 1, 1937.

Rehearing Denied June 29, 1937.

Frank Taylor, for plaintiffs in error.

William M. Taylor, Sr., and William M. Taylor, Jr., for defendants in error.

CORN, J. This is an appeal from a judgment rendered in the district court of Creek county on October 24, 1935, in favor of Mr. and Mrs. P. D. Thacker, plaintiffs below, against Ollie and Paul Saffa, defendants below, for conversion of exempt funds. We shall continue to refer to the parties as they appeared in the trial court.

The facts are as follows: Plaintiffs, for a long time prior to the commencement of this action, were owners of a homestead in the city of Drumright, Creek county, Okla., which homestead was covered by fire insurance, and was, on April 21, 1931, destroyed by fire. On September 8, 1931, the plaintiffs received from the fire insurance company two drafts in the sum of $1,879.66, to cover the loss, which drafts they deposited in the Drumright State Bank for collection.

On May 4, 1929, the defendants recovered a judgment against the plaintiffs in a justice of the peace court, which judgment remained unsatisfied. When these drafts, the proceeds of the insurance policy on the homestead, were deposited in the bank for collection, the defendants caused a garnishment to issue out of the justice of the peace court directed against the bank, and the funds were deposited by the bank in the justice of the peace court. Thereafter plaintiffs filed a motion in the justice of the peace court to dissolve the garnishment on the ground that the garnisheed funds were the proceeds of a fire insurance policy on their homestead, which funds they intended to reinvest in another homestead. The justice of the peace decided that out of the funds the sum of $900 was exempt and that the remaining amount, $979.66, was not, and proceeded to distribute the $979.66 to various creditors of the plaintiffs, including the defendants in this case.

Thereupon the plaintiffs instituted actions in conversion against each creditor who received a part of these exempt funds, and after trial and judgment all the money was paid back to plaintiffs, except the amount received by the defendants. Upon the trial of this cause, the trial court submitted to the jury the sole question of whether or not the garnisheed funds were the proceeds of a homestead intended to be reinvested in a homestead and, therefore, exempt. The jury's verdict for the plaintiffs and the judgment rendered thereon gave rise to this appeal.

None of these facts are disputed. The defendants, conceding these facts, say that even though the funds were exempt, the order of the justice of the peace denying the motion to dissolve the garnishment, not having been appealed from, rendered the question of exemption res adjudicata.

In the case of J. L. Brunson v. R. D. Merrill, 17 Okla. 44, 86 P. 431, it was held:

"* * * The question, however, is one of practice, and has been passed upon in the case of Watson v. Jackson, 24 Kan. 442. In this case, cited, it is held that the judgment upon a motion to discharge attached property from levy on the ground that the property is exempt is not conclusive upon the defendant, and that the question of exemption may be tried thereafter in an action of replevin, brought by the judgment debtor."

After discussing the reasons for such a rule, the court continues:

"We see no good reason why we should not follow the Kansas decisions, and the question being there fully and thoroughly settled prior to the adoption of our Code here, it follows that the ruling upon the motion by the justice of the peace should be held not to be conclusive, and not res adjudicata."

A similar state of facts was before this court in the case of Shelby v. Ziegler, 22 Okla. 799, 98 P. 989. The question was presented and answered in the opinion as follows:

"* * * Is a judgment on a motion to discharge an attachment, on the ground that the property seized under such writ was exempt, res judicata in a subsequent direct proceeding, or other action against such property?"

The court, thereupon, quoting from and discussing decisions of various jurisdictions, says:

"We have set out at length excerpts from decisions of the Supreme Courts of Nebraska, Idaho, Minnesota, and South Dakota, and referred to the similarity of the statutes of said states to ours, for the purpose of showing that it is not considered in such states good practice to have a levy under a writ of attachment vacated, on the ground that the property is exempt, or belongs to some person other than the defendant in such action. However, such practice has been long recognized by the Kansas courts, and acquiesced in by the Supreme Court of the Territory of Oklahoma in the case of Brunson v. Merrill, supra, and followed by this court in the case of Sparks v. City National Bank of Lawton, supra, and such seems to be the recognized practice in the courts of Cali-

fornia (Risdon Iron & Locomotive Works v. Citizens' Traction Co. of San Diego, supra), which state has a similar statute to our own. It is very probable that the fact that motions were entertained to have property discharged from attachment, on the ground that same was exempt, not by virtue of any express statute, but by an apparently assumed discretion, originally induced the Kansas courts to hold that the judgments on such preliminary motions were not res judicata. We do not feel, under the circumstances, that we would be justifiable in disturbing this settled rule of practice. * * *"

A state of facts similar to those in the case at bar was presented to this court in the case of Cross v. Inge, 105 Okla. 145, 231 P. 1066. The plaintiff brought an action against the defendant in the justice of the peace court to recover $166.90 and caused an attachment to issue against property which, he contended, belonged to the defendant. The defendant appeared and moved to dissolve the attachment. The justice of the peace overruled the motion and sustained the attachment. The judgment of the justice of the peace was unappealed from and became final. The defendant filed an action in the district court to recover the property so taken from him. The answer to this action pleaded as one of the defenses that the attachment proceedings in the justice of the peace court were res judicata and a bar to the right of recovery in the district court. A reply was made that the property was exempt, and a demurrer to this reply was overruled. When the case was called for trial and the first witness introduced, the defendant in the case objected to the introduction of any testimony, as did the defendants in this case. But, unlike the case at bar, the trial court sustained the objection to the introduction of any evidence because the order and judgment of the justice of the peace court was res judicata and a bar to his suit to recover his exempt property. In reversing the judgment appealed from this court said:

"The remaining question to be considered is: Was the judgment of the justice of the peace court sustaining the attachment against the property claimed by Cross as exempt, when not appealed from and became final, such a judgment as became res judicata and a bar to plaintiff's action in replevin for the possession of his exempt property? The defendants in error objected to the introduction of evidence by the plaintiff because they contended that the justice of the peace court judgment was a bar, and the trial court sustained the objection upon this theory. If the judgment in the

justice of the peace court is a bar to plaintiff's proceeding in replevin, the judgment of the trial court was correct and should be upheld; but, if it is not a bar to the plaintiff's rights as set up in his action in replevin in the district court, then the court below was in error, and the cause must be reversed and remanded."

After quoting from and commenting upon some of the earlier decisions of this court, the opinion continues:

"It is not at all contended that if E. E. Cross had not appeared in the justice of the peace court in presenting his motion to discharge the attachment, that any action of the justice of the peace would bar him (Cross) from raising the question of his exemptions in a direct proceeding in replevin, and we are led to think from the wording of the replevin statutes and from the decisions herein cited that it makes no difference whether he moved in the justice of the peace court to discharge the attachment because the property was his exempt property, or not. He could appear in the justice of the peace court and move to discharge the attachment because the property levied upon was his exempt property, or entirely ignore the justice of the peace court, and any orders it might make against his property; and still raise the question of his exemptions directly in a replevin suit; and any orders made by the justice of the peace depriving him of his exempt property would not constitute a bar to such replevin action. * * *

"The holding and judgment of the district court that the orders and judgment of the justice of the peace court, pleaded by the defendants, is res judicata on the question presented in the plaintiff's replevin suit, was error requiring a reversal of the judgment. The plaintiff in error is entitled to a trial upon the question of his exemptions, notwithstanding the judgment of the justice of the peace court."

The case at bar involves a garnishment of exempt funds, a motion to dissolve the garnishment, an overruling of the motion, from which ruling no appeal is taken, and a subsequent direct action in conversion to recover the exempt funds. The cases above cited and quoted from involve an attachment of exempt property, a motion to dissolve the attachment, an overruling of the motion, from which ruling no appeal is taken, and a subsequent direct action to recover the exempt property. There is no difference between a garnishment and an attachment, for a garnishment is a species of attachment. Farmers' Nat. Bank v. Tennison, 90 Okla. 216, 217 P. 182.

The judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH and HURST, JJ., concur.