## MANNFORD STATE BANK v. ARNOLD.

No. 11899—Opinion Filed Nov. 27, 1923.

Rehearing Denied Nov. 18, 1923.

Second Rehearing Denied Dec. 26, 1924.

1. **Judgment — Ruling on Motion to Discharge Attachment as Res Judicata Barring Action for Wrongful Levy.**

The ruling on a motion to dissolve an attachment in a cause pending in a justice court is not res judicata between the parties, and is not a bar to the defendant's action against the attaching plaintiff on the ground of wrongful levy.

2. **Damages — Excessive Damages for Wrongful Levy of Attachment.**

A verdict for plaintiff for $600 for loss of the use of a team of horses and wagon of the probable value of about $200 for about nine months, and $600 as exemplary damages for the alleged oppressive and malicious levy, is so excessive and unjust that this court will not permit the judgment based thereon to stand.

3. **Appeal and Error—Harmless Error.**

Acts occurring in the course of the trial which do not result in injury to the party complaining, if errors, are technical and harmless.

4. **Appeal and Error—Insufficiency of Evidence—Recovery for Wrongful Attachment.**

Record examined; held, that the evidence is insufficient to support the verdict of the jury.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action by Harrison Arnold against the Mannford State Bank for damages alleged to have been suffered by the plaintiff on account of wrongful levy on personal property of the plaintiff. Judgment for plaintiff. Defendant brings error. Reversed and remanded.

Lashley & Rambo, for plaintiff in error.

Thompson & Smith, for defendant in error.

Opinion by STEPHENSON, C. Heretofore and on April 3, 1916, the Mannford State Bank commenced its action in a justice court of Creek county, against Harrison Arnold, the plaintiff herein, for recovery of $140 as rents on a store building owned by the bank. The bank caused an attachment to be issued in the cause which was levied on a team of horses, wagon, and set of harness of the appraised value of $135. The defendant filed his answer therein alleging that he did not owe the indebtedness and that it was the indebtedness of the Mannford Mercantile Company, a corporation. The defendant was a stockholder in the corporation and at a previous time had been one of its officers. At the time the attachment was levied on the property the defendant was then on the public highway en route with the team and his family to the state of Colorado. The defendant owned his household effects and one cow and calf, in addition to the attached property. The defendant later filed his motion to dissolve the attachment on the ground that he did not owe the indebtedness sued for and that the property attached was exempt. The motion was overruled. In the trial of the cause judgment went for the plaintiff and against the defendant for recovery of $120, and sustaining of the attachment. Thereafter the defendant caused to be executed, approved, and filed in the case an appeal bond to the district court of Creek county. On December 21, 1916, the property levied on was released and delivered to the defendant, who soon thereafter sold the property for $200. On March 11, 1919, the plaintiff commenced his action against the defendant to

recover damages for the wrongful withholding of the property between the date of attachment and its discharge, and also action for punitive damages and attorney's fee on account of the wrongful attachment. In a trial of this cause the jury returned its verdict for the plaintiff and against the defendant for $600 as actual damages, and $600 as punitive damages. The defendant has appealed the cause to this court and assigns the following errors for reversal: (1) The excessive verdict of the jury; (2) error of the court in its instructions to the jury; (3) the rejection of competent testimony offered by the defendant and excepted to by the latter.

The rule of this court is that a judgment will not be reversed on account of insufficiency of the testimony, if there is any evidence that reasonably tends to support the verdict of the jury. However, the application of this rule presupposes that the jury reached its verdict from a fair consideration of the evidence introduced in the cause and was not the result of prejudice or passion. This court will follow the rule of affirming a judgment when there is any testimony that reasonably tends to support the verdict when it appears the jury has reached its verdict in the course of doing substantial justice between or among the parties to the action. A verdict for $600 for loss of the use of a team of horses of the probable value of about $200 for about nine months is so disproportionate to the reasonable value of such use that this court will not permit the judgment based thereon to stand. Tate et al. v. Coalgate State Bank et al., 72 Okla. 276, 180 Pac. 687; Spaulding Mfg. Co. v. Holliday, 32 Okla. 823, 124 Pac. 35; Gergins v. McCollum, 27 Okla. 155, 111 Pac. 208; Bolen-Darnell Coal Co. v. Williams, 7 Ind. Ter. 648, 104 S. W. 867; Arkansas Valley & W. Ry. Co. v. Witt, 19 Okla. 262, 91 Pac. 897.

What has been said in relation to the verdict for actual damages applies to the verdict of the jury for exemplary damages. The verdict for exemplary or punitive damages is so far out of proportion in its relation to the value of the property attached and its usable value for the time withheld from the plaintiff as to indicate that the verdict was reached through prejudice or passion, or failure to consider the evidence as to the value of the reasonable use or the value of the property. The ruling on the motion filed by the defendant in the attachment suit to dismiss and discharge the property levied upon was not res judicata and did not finally conclude the question of the validity of the levy and any damages that might have been suffered by the defendant in the event of the wrongful attachment. The statutes do not provide for such procedure, and, apparently for this reason, the Supreme Court of Kansas, in construing a similar statute, has permitted a preliminary test of the validity of the attachment anterior to the trial without the rights of the parties being concluded in the final trial of the case. This court has followed the rule of the Supreme Court of Kansas in construing the same statute. Therefore it was not error upon the part of the trial court to refuse testimony showing the action of the justice court in ruling on the motion. Shelby et al. v. Ziegler, 22 Okla. 799, 98 Pac. 989.

The defendant complains that the court refused to permit it to show that the defendant did not direct the officer to levy upon the particular property in question. In some cases it might be proper for the defendant to be permitted to show that he did not direct the particular attachment, but in this case the evidence was that the defendant owned but a small amount of other personal property and that the other personal property might have been insufficient to satisfy the judgment sought. We think the levy on the particular property followed as a matter of course by the plaintiff perfecting its grounds for attachment against the property of the defendant. In any event as the evidence shows that the debt for which the defendant was sued, was that of the corporation, the rejection of the particular testimony, at most, was merely technical error. The testimony to the effect that the debt sued on was that of the corporation, and not of the defendant, without evidence on the part of the bank that the action against the defendant on the indebtedness was the result of mistake or accident, was sufficient to go to the jury on the question of the motive of plaintiff in causing the attachment to be levied. The defendant urges that as the evidence might have shown, or would have shown, if it had been permitted to make this showing, that the plaintiff had appropriated certain property of the mercantile corporation to his own use and then had sufficient of the same in his possession, to be equal in value to the debt against the corporation, the plaintiff in this case was liable in the justice court for the account. The authorities cited by the plaintiff in error do not support this conclusion. If the plaintiff had committed the acts charged by the defendant, the latter, along with any other creditor, had ample right under the law to secure relief.

We have carefully examined the instructions of the court, and the same are correct

as applied to the record in this case. The evidence in relation to an attempted recovery for exemplary damages will largely determine and control the instructions that ought to be given in the particular case. An instruction that might be error in one case for the recovery of exemplary damages would be a correct statement of the rule under another given statement of facts.

It is therefore recommended that this cause be reversed and remanded for a new trial.

By the Court: It is so ordered.