## JOHNSON v. ROBERTS et al.

No. 16390—Opinion Filed May 4, 1926.

Rehearing Denied March 8, 1927.

**1. Insurance — Life Policy — Exclusive Rights of Beneficiaries in Proceeds.**

Where contracts of insurance are made for the benefit of a wife or children, or both, upon their insurable interest in the life of the husband or father, the latter, while they are living, can exercise no power of disposition over the same without their consent; nor has he any interest therein of which he can avail himself; nor upon his death have his personal representatives or his creditors any interest in the proceeds of such contracts; but they belong to the beneficiaries, to whom they are payable.

**2. Same—Fraternal Insurance — Exemption of Proceeds to Family.**

The proceeds derived from a beneficiary certificate in a fraternal association are governed by a different rule than the proceeds derived from an insurance policy in an old line company. A fraternal beneficiary association provides by its own laws and by the statute of our state that the money derived from the beneficiary certificate on the death of the member goes to his family and is not and cannot be subjected to the payment of the member's debts on his death, nor to the debts of any beneficiary named in said certificate.

**3. Same—Right of Action in Beneficiary.**

In old line insurance the policy may be made payable to any member of the family or to any person to whom the member or the policy holder finds himself under obligation. But under our statute where a policy of insurance is effected by any person on his own life, or on another life in favor of some other than himself having an insurable interest therein. the lawful beneficiary thereof, other than himself, or his legal representative, shall be entitled to its proceeds against the creditors and representatives of the person effecting said insurance, and the person to whom the policy is made payable may maintain an action thereon in his own name.

**4. Same—Rights of Married Woman as Beneficiary.**

Every policy of life insurance made payable to or for the benefit of a married woman, or which after its issue is assigned, transferred, or in any way made payable to a married woman, shall inure to her separate use and benefit.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action by Palo A. Roberts and James Hudspeth against Mary J. Johnson. Judgment for plaintiffs, and defendant appeals. Reversed.

See, also, 113 Okla. 116. 239 Pac. 618.

Utterback & Stinson, for plaintiff in error.

J. G. Ralls, for defendants in error.

Opinion by MAXEY, C. This suit was instituted in the district court of Atoka county on the 9th day of August, 1924, wherein Palo A. Roberts and James Hudspeth filed their petition against the defendants J. N. Johnson and Mamie J. Johnson. The plaintiffs thereafter, on the 27th day of September, 1924, recovered judgment against the defendants J. N. Johnson and Mamie J. Johnson in the sum of $6,922.20, with interest and costs for foreclosure. Thereafter, on the 3rd day of October, 1924, the defendant J. N. Johnson died, and on the 8th day of October, 1924, execution was issued against Mamie J. Johnson and returned by the sheriff, "No property found"; and on the 8th day of October, 1924, Roberts and Hudspeth, plaintiffs in said cause, filed garnishment affidavits, alleging that the said insurance companies were indebted to Mamie J. Johnson in various amounts, and summons was served on said insurance companies, and a copy was served on the defendant Mamie J. Johnson. The Mid-Continent Life Insurance Company answered that it was indebted to Mary J. Johnson, the widow of James N. Johnson, on insurance policy, in which the said Mary J. Johnson was one of the beneficiaries, in the sum of $1,500, and that if the said Mary J. Johnson was the same person as Mamie J. Johnson, then it was indebted to the said Mamie J. Johnson in said sum of $1,500; and the Pacific Mutual Life Insurance Company answered alleging that it was indebted to Mamie J. Johnson, wife of James Napoleon Johnson, deceased, under and by virtue of the terms of said insurance policy issued by the said garnishee in the sum of $1,816.74, but alleged that said insurance company was not subject to garnishment, but said sums were payable to the said Mamie J. Johnson, widow of James Napoleon Johnson, deceased; and the Mutual Life Insurance Company filed its answer denying any indebtedness in any sum whatever to Mamie J. Johnson. The plaintiffs elected to take issue on the answer of said garnishee, and so notified said garnishee, and thereafter dismissed the said

proceedings in so far as they applied to the Mutual Life Insurance Company. Thereafter, on the 22nd day of December, 1924, Mamie J.Johnson, plaintiff in error, who was defendant in said cause herein above referred to, filed her petition, alleging that her true name was Mary J. Johnson, that she was the widow of J. N. Johnson, that said insurance due by said Mid-Continent Life Insurance Company was exempt to her as the widow of J. N. Johnson, deceased; and she moved to quash the writs of garnishment of said insurance company. To which petition the plaintiffs, Roberts and Hudspeth, filed their response, and denied that the money due by said garnishee was exempt to the said Mamie J. Johnson. The American National Bank of Atoka intervened in said cause, and said action came up for hearing on the motion of defendant Mamie J. Johnson to quash the writ of attachment, and same was heard on the 9th day of January, 1925, at which time the following proceedings were had:

"Mr. Utterback: It is agreed in open court that the pleadings show, or if not shown by the pleadings, that the facts are, that J. N. Johnson died on October 3, 1924; and that the sole question involved in this hearing is the matter of the application of the insurance provided for in the policy executed by the Mid-Continent Life Insurance Company, and the two policies held by the Pacific Mutual Life Insurance Company, as to whether or not the proceeds of these policies is exempt, the beneficiary in all of them being Mary J. Johnson, who is the same person as Mamie J. Johnson, and she being the widow of J. N. Johnson, deceased. And this hearing is on the question raised in the petition of the defendant Mary J. Johnson, as to the right of the plaintiff to subject the proceeds of these insurance policies to the payment of its judgment; the defendant Mamie J. Johnson claiming that the writs of garnishment heretofore served on the above insurance companies should be quashed."

The petitioner, Mamie J. Johnson, then offered in evidence the depositions of Mrs. Mary J. Johnson and her father, J. W. Johnson. after which the petitioner rested her case, and the plaintiffs introduced no testimony, and after argument of counsel, the court announced that he would withhold his decision until April 13th; and on April 13th, the court rendered judgment in favor of the plaintiffs and denied defendant's motion to quash, and ordered said companies to pay the money due to the clerk of the court. A motion for new trial was filed by Mary J. Johnson, which was overruled by

the court and exceptions reserved. The court then overruled the motion to quash, and defendant gave notice of appeal, and took time to prepare and serve case-made, and the case-made was served. settled and signed, and the case is now before this court upon the following assignments of error:

(1) Said court erred in overruling the motion of the plaintiff in error for a new trial.

(2) Said court erred in not rendering judgment for plaintiff in error, and quashing the writs of garnishment issued to said insurance companies.

(3) Said court erred in not rendering judgment quashing said writs and dismissing garnishees.

The plaintiff in error, Mary J. Johnson, contends that the moneys due by the two insurance companies, Mid-Continent Life and Pacific Mutual, were moneys that were exempt to her, as widow of J. N. Johnson, deceased, and could not be subjected to the payment of her debts, or the debts of J. N. Johnson, deceased.

A decision of the case involves the construction of sections 6726 and 6727, Compiled St. 1921. which are as follows:

"6726. Beneficiary May Sue—Rights of Creditors. When a policy of insurance is effected by any person on his own life, or on another life in favor of some person other than himself having an insurable interest therein, the lawful beneficiary thereof, other than himself or his legal representative, shall be entitled to its proceeds against the creditors and representatives of the person effecting the same; and the person to whom a policy of life insurance is made payable may maintain an action thereon in his own name: Provided, that subject to the statute of limitations, the amount of any premiums for said insurance paid in fraud of creditors, with interest thereon, shall inure to their benefit from the proceeds of the policy; but the company issuing the policy shall be discharged of all liability thereon by payment of its proceeds in accordance with the terms thereof unless, before such payment, the company shall have written notice by or in behalf of some creditor, with specifications of the amount claimed, claiming to recover for certain premiums paid in fraud of creditors; Provided, that the insured, under such policy, shall not be denied the right to change the beneficiary when such right is expressly reserved in the policy."

"6727. Married Woman as Beneficiary—Rights.—Every policy of life insurance made payable to or for the benefit of a married woman, or which after its issue is assigned, transferred, or in any way made payable to a married woman, or to any person in trust for her or for her benefit, whether procured by herself, her husband or by any other person, and whether the assignment or transfer is made by her husband or by any other person, shall inure to her separate use and benefit, subject to the provisions of the preceding section relating to premiums paid in fraud of creditors, and subject to any indebtedness on account of the policy: Provided, that the insured under such policy shall not be denied the right to change the beneficiary where this right is expressly reserved in the policy."

The policies involved specifically designated the plaintiff in error as beneficiary, and it appears that it was the intention of J. N. Johnson to set apart this sum of money for the benefit of his widow. It seems to us that the above sections of the statute exempt the money derived from the above policies. So far as counsel in their briefs are concerned, these sections have never been construed by this court, and we are not advised of any case construing these sections. The case of Central National Bank of Washington City et al. v. Annie G. Hume, 128 U. S. 139, 32 L. Ed. 370, holds:

"Where contracts of insurance are made for the benefit of a wife or children, or both, upon their insurable interest in the life of the husband or father, the latter, while they are living, can exercise no power of disposition over the same without their consent; nor has he any interest therein of which he can avail himself: nor upon his death have his personal representatives or his creditors any interest in the proceeds of such contracts; but they belong to the beneficiaries, to whom they are payable."

The case of State ex rel. Lankford, State Bank Commissioner, v. Collins et al., 70 Okla. 323, 174 Pac. 568, is cited, and they claim that it throws some light on this case. In that case a fraternal insurance certificate was involved; and all fraternal insurance societies, so far as we know, provide that the fund created under such certificates is for the exclusive benefit of the members or families of the certificate holders, and that they are not subject to the debts of the certificate holder on his death, and not subject to the debts of any member of the family. Therefore, those cases construing fraternal insurance certificates do not apply to this case. It is a part of the entire framework of the fraternal system of insurance to provide for the family of a deceased member, and every safeguard is thrown around them to protect that fund from being dissipated and

used for the payment of the debts of deceased or any member of the family.

While this case is based on the two sections of the statute above quoted, these sections of the statute seem to be special statutes for the protection of widows, and must be liberally construed to effectuate that purpose; they apply to life insurance only, and are not part of the exemption laws of the state.

The counsel of defendants in error filed quite a learned brief, and discusses our exemption laws and our separate property laws, and attempts to apply the rule relating to our exemption statute and our separate property statute, and cites numerous authorities, but in our judgment the two sections of our statute above quoted are too plain to require any outside aid in determining their meaning. These sections provide that where a policy of insurance is effected by any person other than the insured, the amount realized from said policy is exempt, and such beneficiary shall be entitled to protection against the creditors and representatives or persons effecting said insurance, and the persons to whom the policy is made payable may maintain an action thereon in their own name, subject to certain provisions, none of which are effected in this lawsuit. The section also provides that every policy of life insurance made payable to or for the benefit of a married woman, or which after its issue is assigned, transferred, or in any way made payable to a married woman, or to any person in trust for her, or for her benefit, whether procured by herself, her husband, or any other person, or whether the assignment or transfer is made by her husband, or by any other person, shall inure to her separate use and benefit.

After a careful examination of the record and the briefs of the respective counsel, and a study of the two sections above referred to, we think that the judgment of the trial court, holding that plaintiff was entitled to recover the money provided for the widow of deceased, was erroneous; and that the judgment of the trial court should be reversed and set aside, and the motion of Mary J. Johnson to quash the garnishment should be sustained, and the money ordered paid to her, and that plaintiffs' action should be dismissed, so far as it affects the money derived from the insurance policies herein mentioned, and it is so ordered.

The Pacific Mutual Life Insurance Company and the Mid-Continent Life Insurance Company having paid the amount due under their respective policies into court, upon their motion they are discharged, and the appeal dismissed as to them, and they are not now before this court.

By the Court: It is so ordered.

Note.—See under (1) 25 C. J. p. 72 §118; p. 73 §119; 37 C. J. p. 424 §128 (Anno); p. 570 §332. (2) 25 C. J. p. 72 §118; 29 Cyc. pp. 154, 162. (3) 37 C. J. p. 604 §388. (4) 37 C. J. p. 570 §332.