## FIRST STATE BANK OF DELAWARE v. CONN et al.

No. 19183.    Opinion Filed May 21, 1929.

Sams & Raymond, for plaintiff in error.

J. A. Tillotson, for Inez Conn, interpleader.

JEFFREY, C. This action was begun in the district court of Nowata county by the First State Bank of Delaware, Okla., as plaintiff, against Alma Conn, as defendant, upon a promissory note to recover the sum of $367, with interest and attorney fees. At the time the suit was filed plaintiff caused garnishment process to be directed to and served upon the First National Bank of Nowata, Okla. Plaintiff alleged that the garnishee bank had in its possession certain funds belonging to the defendant, but carried in the account of Inez Conn. The answer of the garnishee denied that it was indebted to Alma Conn, but admitted that Inez Conn had on deposit with the bank the sum of $363.85. Inez Conn, a daughter of the defendant, Alma Conn, filed an interplea claiming the funds sought to be impounded by the garnishment proceeding. The defendant made no defense to the cause of action against her, and judgment was rendered against her for the amount prayed for in the petition. The issue raised by the garnishment affidavit and interplea was tried to the court, and judgment was rendered in favor of interpleader. Motion for new trial having been overruled, plaintiff has appealed.

The assignments of error relied upon for a reversal of the judgment are that the judgment is contrary to the evidence, and that the judgment is contrary to the law. Under these assignments of error, counsel for plaintiff contend that the money held by garnishee in the name of Inez Conn was given to her by the defendant without consideration other than love and affection; that defendant was, at the time of making

said gift, indebted to plaintiff; that she was insolvent and that said gift and transfer amounted to a fraud upon her creditors and was void. The evidence discloses that John Conn, husband of defendant, died May 28, 1927; that he carried a policy of insurance upon his life in the sum of $1,700; and that defendant was the sole beneficiary named in the insurance policy. The evidence further discloses that John Conn requested his wife to give his daughter, Inez Conn, one-half of the proceeds from said insurance policy in order that she might continue in school. Shortly after the death of John Conn, defendant collected the face amount of the policy, deposited $850 to the credit of Inez Conn in the garnishee bank, and used the remaining one-half for the payment of funeral expenses and other indebtedness to the exclusion of plaintiff's claim. It appears that interpleader had drawn out of said bank all of the $850 except $363.85, which remained at the time garnishment summons was served on the bank.

It is a time-honored maxim in equity that one must be just before generous, and the rule is that a gift without consideration other than love and affection by an insolvent debtor is presumed to be a fraud upon his existing creditors and void. The effect of our statutory provisions on the prevailing rule of equity in this regard need not here be considered, because the case is ruled by other applicable provisions of the statutes, to wit, sections 6726 and 6727, C. O. S. 1921. which are as follows:

**"Beneficiary May Sue—Rights of Creditors.** When a policy of insurance is effected by any person on his own life, or on another life in favor of some person other than himself having an insurable interest therein, the lawful beneficiary thereof, other than himself or his legal representative, shall be entitled to its proceeds against the creditors and representatives of the person effecting the same; and the person to whom a policy of life insurance is made payable may maintain an action thereon in his own name: Provided, that, subject to the statute of limitations, the amount of any premiums for said insurance paid in fraud of creditors, with interest thereon, shall inure to their benefit from the proceeds of the policy; but the company issuing the policy shall be discharged of all liability thereon by payment of its proceeds in accordance with the terms thereof, unless, before such payment, the company shall have written notice by or in behalf of some creditor, with specifications of the amount claimed, claiming to recover for certain premiums paid in fraud of creditors; Provided, that the insured, under such policy, shall not be denied the right to change the beneficiary when such right is expressly reserved in the policy."

**"Married Woman as Beneficiary—Rights.** Every policy of life insurance made payable to or for the benefit of a married woman, or which after its issue is assigned, transferred, or in any way made payable to a married woman, or to any person in trust for her or for her benefit, whether procured by herself, her husband, or by any other person, and whether the assignment or transfer is made by her husband or by any other person, shall inure to her separate use and benefit, subject to the provisions of the preceding section relating to premiums paid in fraud of creditors, and subject to any indebtedness on account of the policy; Provided, that the insured under such policy shall not be denied the right to change the beneficiary where this right is expressly reserved in the policy."

In the recent case of Johnson v. Roberts et al., 124 Okla. 68, 254 Pac. 88, this court had occasion to apply the above provisions of the statute to a very similar state of facts to those involved herein. In that case a judgment had been obtained against J. N. Johnson and his wife. The wife was designated beneficiary in certain insurance policies carried on the life of her husband. Johnson died, and after execution was issued and returned "no property found," garnishment process was issued to the insurance companies which carried policies on the husband's life. The wife filed motion to quash the garnishment process on the ground that the moneys due her under the insurance policies were exempt to her as widow of J. H. Johnson, deceased, and could not be subjected to the payment of her debts, or the debts of her deceased husband. This contention was upheld, and after quoting the foregoing sections of the statutes it was said:

"The policies involved specifically designated the plaintiff in error as beneficiary, and it appears that it was the intention of J. N. Johnson to set apart this sum of money for the benefit of his widow. It seems to us that the above sections of the statute exempt the money derived from the above policies."

Again, in the course of the opinion it is said:

"The counsel for defendants in error filed quite a learned brief, and discusses our exemption laws and our separate property laws, and attempts to apply the rule relating to our exemption statute, and our separate property statute, and cites numerous authorities, but in our judgment the two sections in our statutes above quoted are too plain to require any outside aid in determining their meaning."

As stated in the foregoing case, the sections of the statute here under consideration seem to be special statutes for the protection of widows, and should be liberally construed to effectuate that purpose. They have application to life insurance only, and should not be confused with the general exemption statutes.

It is not entirely clear from the record in the case at bar the exact nature of the insurance policy from which the funds in controversy arose. It would seem, however, that the policy must have been in the nature of old-line insurance rather than fraternal or benevolent insurance. But even if it were in the nature of fraternal insurance, the fund would have also been exempt from the payment of the beneficiary's debts. Section 6786, C. O. S. 1921; State ex rel. Lankford, State Bank Commissioner, v. Collins et al., 70 Okla. 323, 174 Pac. 568.

The proceeds from the insurance policy in the hands of defendant were exempt to her as against her creditors and the creditors of her deceased husband, except as provided by the provisions of the law. Such being the case, her creditors had no interest in the money, and were not deprived of something to which they were entitled to, even though defendant was insolvent and parted with the money without consideration other than love and affection. The general rule that such a gift or conveyance is void as to creditors is based upon the ground that such a conveyance deprives existing creditors of something they are justly entitled to. Such is not the case here. Certainly, if plaintiff was not entitled to resort to this fund in payment of its debt while in the hands of defendant, it cannot say that it was defrauded when defendant gave a part of it to her daughter for such a laudable purpose as to provide her daughter with the necessary means to continue in school.

The judgment of the trial court is affirmed.

BENNETT, HERR, DIFFENDAFFER, and HALL, Commissioners, concur.

By the Court: It is so ordered.