## In re NEWBERGER.
### No. 4915.

District Court, W. D. Oklahoma.
Aug. 29, 1932.

Ames, Cochran, Ames & Monnet, of Oklahoma City, Okl., for trustee.

Ed Hirsh, of Oklahoma City, Okl., for bankrupt.

VAUGHT, District Judge.

The bankrupt in this case filed his voluntary petition in bankruptcy on September 17, 1931, and was thereafter, on September 18, 1931, adjudicated a bankrupt.

There were listed as his only assets seven insurance policies amounting to $20,000. Five of these were made payable to his wife, Rose Newberger, one was made payable to his wife and father, jointly, and the other was made payable to his father, brother, and niece.

The first of the policies was issued April, 1924, and the last in July, 1929. A judgment was rendered against the bankrupt in the state district court in July, 1931, prior to the filing of his petition in bankruptcy, in the sum of $8,637.91. The evidence shows that on the 17th day of September, 1931, the cash surrender value of said insurance policies was $2,846.76.

The bankrupt was a traveling salesman, with a salary of approximately $10,000 per year.

The trustee contends that he is entitled, as trustee in bankruptcy, to the cash surrender value of these insurance policies. The bankrupt contends that, under the statutes of Oklahoma and the Bankruptcy Act, said policies of insurance are exempt and are not subject to administration in bankruptcy.

All of the policies contain the following provisions:

"If there be no beneficiary living at the death of the insured, the amount of insurance shall be payable to the executors, administrators or assigns of the insured, unless otherwise provided in the policy. The right to change the beneficiary has been reserved by the insured.

"*Change of beneficiary.* If the right to change the beneficiary has been reserved, the insured may at any time while this policy is in force, by written notice to the Company at its home office, change the beneficiary or beneficiaries under this policy, such change to be subject to the rights of any previous assignee and become effective only when a provision to that effect is endorsed on or attached to the policy by the Company, whereupon all rights of the former beneficiary or beneficiaries shall cease."

The Bankruptcy Act (section 70a, 11 USCA § 110 (a) provides for taking possession by the trustee of all nonexempt property of the bankrupt. Section 6 of the Bankruptcy Act (11 USCA § 24), however, provides as follows:

"The provisions of this title shall not affect the allowance to bankrupts of the exemptions which are prescribed by the State laws in force at the time of the filing of the petition in the State wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition."

The only question left for decision in this case is whether or not, under the laws of Oklahoma, the cash surrender value of these policies is exempt to the bankrupt. We quote sections 6726 and 6727 of the Compiled Oklahoma Statutes 1921:

"6726. When a policy of insurance is effected by any person on his own life, or on another life in favor of some person other than himself having an insurable interest therein, the lawful beneficiary thereof, other than himself or his legal representative,

shall be entitled to its proceeds against the creditors and representatives of the person effecting the same; and the person to whom a policy of life insurance is made payable may maintain an action thereon in his own name: Provided, that subject to the statute of limitations, the amount of any premiums for said insurance paid in fraud of creditors, with interest thereon, shall inure to their benefit from the proceeds of the policy; but the company issuing the policy shall be discharged of all liability thereon by payment of its proceeds in accordance with the terms thereof unless, before such payment, the company shall have written notice by or in behalf of some creditor, with specifications of the amount claimed, claiming to recover for certain premiums paid in fraud of creditors; Provided, that the insured, under such policy shall not be denied the right to change the beneficiary when such right is expressly reserved in the policy."

"6727. Every policy of life insurance made payable to or for the benefit of a married woman, or which after its issue is assigned, transferred, or in any way made payable to a married woman, or to any person in trust for her or for her benefit, whether procured by herself, her husband or by any other person, and whether the assignment or transfer is made by her husband or by any other person, shall inure to her separate use and benefit, subject to the provisions of the preceding section relating to premiums paid in fraud of creditors, and subject to any indebtedness on account of the policy: Provided, that the insured under such policy shall not be denied the right to change the beneficiary where this right is expressly reserved in the policy."

Section 4083 of the Oklahoma Statutes 1921, provides:

"Exempt property does not pass. Property exempt from execution and insurances upon the life of the assignor do not pass to the assignee by a general assignment for the benefit of creditors, unless the instrument specially mentions them, and declares an intention that they should pass thereby."

In Holden v. Stratton, 198 U. S. 202, 25 S. Ct. 656, 659, 49 L. Ed. 1018, the Supreme Court of the United States, in passing upon a case from California, which has a very similar statute to the Oklahoma statute (section 4083) says:

"It has always been the policy of Congress, both in general legislation and in bankrupt acts, to recognize and give effect to the state exemption laws.

"This was cogently pointed out by Circuit Judge Caldwell, in delivering the opinion in Steele v. Buel, where he said (44 C. C. A. 287, 104 F. 972):

" 'From the organization of the Federal courts under the judiciary act of 1789, the law has been that creditors suing in these courts could not subject to execution property of their debtor exempt to him by the law of the state. * * *

" 'The same rule has been obtained under the bankrupt acts, which have sometimes increased the exemptions, notably so under the act of 1867 (§ 5045, Rev. Stat.) but have never lessened or diminished them. An intention on the part of Congress to violate or abolish this wise and uniform rule, observed from the creation of our Federal system, should be made to appear by clear and unmistakable language. It will not be presumed from a doubtful or ambiguous provision fairly susceptible of any other construction.' "

The California statute (Civ. Code, § 3470) which was construed by the foregoing opinion, is as follows:

"3470. *Property exempt.* Property exempt from execution, and insurance upon the life of the assignor, do not pass to the assignee by a general assignment for the benefit of creditors, unless the instrument specially mentions them, and declares an intention that they should pass thereby."

The foregoing statute is practically the same as our Oklahoma statute (section 4083, Comp. St. 1921). Similar statutes to the Oklahoma statute have been construed by the highest courts of various states upholding the theory that the proceeds of insurance policies, including the cash surrender value, are exempt to the beneficiaries named therein when the beneficiaries so named are other than the insured.

Section 55-a of the Insurance Law of New York (Consol. Laws, c. 28) is not dissimilar in substance to section 6726 of the Oklahoma law above quoted, and the Circuit Court of Appeals for the Second Circuit in Re Messinger, 29 F.(2d) 158, 68 A. L. R. 1205, construes that statute. The learned Judge Hand, after reviewing the cases of Cohen v. Samuels, 245 U. S. 50, 38 S. Ct. 36, 62 L. Ed. 143, Holden v. Stratton, supra, and numerous other cases, held that under the New York statute the cash surrender value of a life insurance policy is not subject to administration in bankruptcy. In this case certiorari was denied by the Supreme Court of the United States.

This construction of the Oklahoma statute was sustained by District Judge Kennamer of the Eastern District of Oklahoma in Brown v. Home Life Insurance Company, 3 F.(2d) 661.

Counsel for the trustee have filed an admirable brief, and have at great length analyzed the various statutes and decisions covering this question. They quote the case of Aberle v. McQuaid, 283 F. 779, from the Eighth Circuit, a case arising under the laws of Minnesota. This opinion, however, was based upon a construction placed upon the Minnesota statutes by the Minnesota Supreme Court, and in Ralph v. Cox, 1 F.(2d) 435, 436, the same court, in an opinion written by Judge Lewis, expressly overruled the holding in Aberle v. McQuaid, and followed a later decision of the Minnesota Supreme Court holding cash surrender value of an insurance policy as exempt and not an asset in bankruptcy, and says:

"The matter of exemptions is left by the Bankruptcy Act, § 6 (11 USCA § 24), to State laws, and in determining what those laws are on this subject we are guided by the construction and interpretation given to the statute by the supreme court of the State."

"It is true that the Oklahoma Supreme Court has not directly passed upon the matter of exemption of the cash surrender value where the right to change beneficiary is reserved. However, in the case of Johnson v. Roberts et al., 124 Okl. 68, 254 P. 88, and First State Bank v. Conn, 136 Okl. 294, 277 P. 928, it has construed sections 6726 and 6727 of the Oklahoma statutes as "Exemption Statutes," and definitely announced that they should be liberally construed to effectuate their purpose.

In the case of American National Bank v. King, 13 P.(2d) 164, the Oklahoma Supreme Court expressly follows the doctrine stated in Brown v. Home Insurance Company, supra. This same doctrine has been announced in the Western District of Oklahoma by Judge Cotteral in Re Oscar A. Mitscher,[1] which case, however, was not reported.

This leaves only one question to consider, and that is whether or not the premiums on the insurance involved in this case were paid in fraud of creditors. The facts in this case do not show any such fraud. The only income the bankrupt had was his salary as a traveling salesman and the un-

disputed evidence is that his salary ran from $700 to $1,000 per month, while the total annual premiums on the insurance in question did not exceed $1,000 per year.

The courts have at all times approved policies which tend to protect the family and dependents, and frequently have gone so far as to encourage a reasonable amount of life insurance for the protection of one's family. Central Nat. Bank of Washington v. Hume, 128 U. S. 195, 9 S. Ct. 41, 32 L. Ed. 370; American National Bank of Okmulgee v. King, supra; In re Opava (D. C.) 235 F. 779. The latter case quotes with approval Sternberg v. Levy, 159 Mo. 617, 60 S. W. 1114, 53 L. R. A. 438. A very enlightening discussion on this subject followed with positive statement is found in an opinion written by the late Judge Sanborn (First Nat. Bank of Humboldt, Neb., v. Glass [C. C. A.] 79 F. 706), which latter decision is quoted with approval in Forsberg v. Security State Bank (C. C. A.) 15 F.(2d) 499, 49 A. L. R. 913.

It is therefore the opinion of this court that the cash surrender value on all of the policies involved in this case is exempt to the bankrupt and is not subject to control or administration by the trustee.

The order of the referee therefore is modified and approved in accordance with the views expressed herein.