**STATE ex rel. COM'RS of the LAND OFFICE v. ELAM et al.**

No. 22803. Opinion Filed Jan. 31, 1933.

R. H. Couch, Haskell Paul, and Wilkerson & Brown, for plaintiff in error.

A. C. Brewster, for defendants in error.

PER CURIAM. This cause began after a judgment rendered on foreclosure and an issue of garnishment summons against Flora Westenhaber and Fred W. Garland, and on the 29th day of April, 1931, by proper journal entry appearing at case-made p. 92, the court sustained the demurrer interposed by the garnishee and discharged said garnishee.

From that order the state of Oklahoma, on relation of the Commissioners of the Land Office, attempted to appeal by filing herein on September 8, 1931, their petition in error with case-made attached.

On September 30, 1932, defendant in error filed herein motion to dismiss, and raises the jurisdictional question that plaintiff in error had 30 days from the entering of the original order discharging the garnishee to appeal to this court. No response has been filed to this motion, and inasmuch as the state of Oklahoma is a party to these proceedings, we have examined the law and find that in the case of Egolf v. Rice, 117 Okla. 284, 246 P. 58, the court uses the following language:

"Where an appeal is taken from an order dissolving a garnishment, such an appeal, under section 809, C. O. S. 1921, must be filed in this court within 30 days from date of order, and this rule applies notwithstanding the order to dissolve is entered upon a verdict of a jury or a judgment of the court after trial of a garnishment proceedings upon the merits."

The appearance in this court within 30 days being jurisdictional, the case must be dismissed, and it is so ordered.