## ANTHONY v. SAPULPA MOTOR CO.

No. 20457.   Opinion Filed March 21, 1933.

L. O. Lytle, K. L. Lytle, and Moraul Bosonetto, for plaintiff in error.

Davis & Frazier, for defendant in error.

OSBORN, J. The parties in this case occupy the same positions as they occupied in the trial court.

Plaintiff, S. W. Anthony, sued the defendant, Sapulpa Motor Company, alleging conversion of a Ford coupe of the value of $500, by said defendant. The specific facts are that plaintiff, about the 1st of August, 1925, loaned said car to two young ladies, and they failed to return the car to plaintiff. The following Monday he found the car in the garage of defendant, where it had been taken for repairs. He claimed to the shop foreman that the car belonged to him and he went away and returned the same day to take possession of the car, but defendant refused to permit him to take it for the reason that said car had been brought to the garage by the two girls, and defendant insisted upon returning the car to the same parties from whom it gained possession thereof. On the same day the two girls came to the garage, paid the repair bill, took the car, and did not return same to the plaintiff until about the 6th of November, 1925, when the car was discovered to be again in the possession of the defendant, whereupon plaintiff was notified and came and took possession of said car.

Although the case was filed September 20, 1925, in the superior court of Creek county, same was transferred on the 23rd of March, 1927, to the district court, in which court plaintiff, without amending his pleadings, sought to recover damages to the car, and for the usable value thereof during the time he was deprived of the possession of the same, after he had demanded possession from the defendant in the first part of September.

A jury was waived and upon trial the court rendered judgment in favor of the defendant, from which plaintiff has appealed.

It is contended by plaintiff that defendant was guilty of conversion by his failure to deliver the car to him when demanded and by turning the car over to the two girls who had brought the same to its garage for repairs; while defendant contends that the alleged damages of plaintiff constitute special damages which had not been pleaded in his petition and could therefore not be recovered, and in any event the judgment of the trial court is correct.

It is noted that plaintiff's petition was filed shortly after he lost possession of the car and that he pleaded a conversion of the car by the defendant and sought judgment in the sum of $500 as the actual value of the car and "all other damages incurred by reason of defendant's refusal to turn said car over to him." The record shows that the car was returned to him on the 6th day of November, 1925, and that the cause came on for trial on January 17, 1929, and in the meantime the petition had not been amended, and the cause was tried on the petition as originally filed.

The only evidence offered as to the actual damage suffered by plaintiff is the following statement found in his testimony:

"The Ford Motor people got hold of the car and fixed it up some and turned it over to me, but it wasn't in near as good shape as it was when it left."

(There was no evidence offered to prove the value of the car at the time plaintiff lost possession, nor was evidence offered to show its value at the time it was returned.) It is therefore clear that there was no evidence upon which a judgment for general damages could be based.

Over the objection of defendant, plaintiff was allowed to testify that the usable value of the car to him during the time it was out of his possession was $5 per day. It is apparent from the record that this is the basis of the damage which plaintiff is attempting to recover herein.

The authorities are uniform in holding that damages of this nature are special damages and that it is necessary to allege said special damages in order to recover.

In the case of Kennedy v. Van Horn, 77 Okla. 100, 186 P. 483, this court, through Mr. Justice Owen, announced the following rule:

"Special damages, that is, damages which do not necessarily result from the injury complained of, must be especially pleaded, except where they are conclusively presumed from the facts stated.

"Impaired earning capacity resulting from personal injury is special damages, and to be recoverable, must be especially claimed in the petition."

See, also, Hornstein v. Yarrington, 110 Okla. 175, 237 P. 73.

In the case of Hunter v. Quaintance, 69 Colo. 28, 168 P. 918, the Supreme Court of Colorado held:

"The owners of an automobile used only for purposes of pleasure can recover no damages for the loss of the use of his car caused by defendant's negligence, there being no basis for ascertaining the damages. Dam-

age by loss of use of automobile, being special, must be pleaded."

An early case which is generally followed is O'Brien v. Quinn, 35 Mont. 441, 90 P. 166, in which the rule is stated:

"Damages for loss of business and profits could only properly come under the designation of 'special damages.' General damages are defined to be such as the law implies and presumes to have occurred from the wrong complained of (13 Cyc. 13) or such damages as the law holds to be the necessary result of the action of the defendant (5 Ency. of Pl. Pr. 717); while special damages are such as actually result from the action of the defendant, but are not such a necessary result that they will be implied by law."

See, also, Whitelaw v. Vallance, 60 Mont. 172, 198 P. 449; Shaw v. Southern Pac. Ry. Co., 157 Cal. 240, 107 P. 108; Armstrong v. Spokane International Ry. Co., 101 Wash. 525, 172 P. 578.

In the light of the above authorities it is apparent that the damages claimed here for the loss of the use of the car are special damages, and since they are not alleged or pleaded in plaintiff's petition, he is not entitled to recover by reason thereof.

The plaintiff, to support his contentions that special damages may be recovered without being specially pleaded, cites the following cases: Mannford State Bank v. Arnold, 105 Okla. 131, 221 P. 76; First State Bank of Mannsfield v. Howell, 41 Okla. 216, 137 P. 657; Weleetka Light & Water Co. v. Castleberry, 42 Okla. 745, 142 P. 1006; Parsons v. Eisele, 137 Okla. 35, 277 P. 643; Morris v. Allen, 17 Cal. 634, 121 P. 690, 34 Cyc. 1532; K. C. Oil Co. v. Harvest Oil & Gas Co., 80 Okla. 61, 194 P. 231. We have examined these authorities, and find that they do not support plaintiff's contentions.

The plaintiff contends that the trial court adopted a wrong theory in his decision, in that it was based upon the good faith of the defendant. However, this court is not concerned with the theory of the trial court, but rather with the result. Bath v. Dumas, 108 Okla. 260, 236 P. 1.

Having taken this view of the record in this case, we do not find it necessary to determine whether or not the acts of defendant, in refusing to deliver the car to plaintiff upon demand after notice of ownership by him after the car had been placed in its hands for repairs, constitutes conversion of the property by defendant. Some three months thereafter he recovered possession of his car, and not having introduced any evidence as to the difference between the market value of his car at the time of the refusal of the defendant to deliver it and at the time of the recovery of such possession, and not having amended his pleadings to allege his special damages, he was not entitled to prevail.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur.