FIRST NAT. BANK OF DUNCAN v. WALLACE.

No. 30380. June 23, 1942.

127 P. 2d 156.

Everest & Halley, of Oklahoma City, and L. A. Winans, of Duncan, for plaintiff in error.

Smith & Siler and Harry Neuffer, all of Oklahoma City, for defendant in error.

RILEY, J. Plaintiff in error, herein referred to as plaintiff, sued defendant in error, herein referred to as defendant, in the district court of Oklahoma county, to recover judgment on two notes, setting up two separate causes of action.

At the same time plaintiff caused garnishments to be issued against certain insurance companies, wherein it was asserted that said insurance companies were indebted to defendant by reason of life insurance policies issued by the respective companies upon the life of defendant's deceased husband in which defendant was named as beneficiary. Two of the garnishees, the Southland Life Insurance Company and Business Men's Assurance Company, filed separate answers to the effect that each was indebted to defendant, Mrs. Marion Wallace, also referred to as Idyll Wallace. Motion to quash the garnishment summons, on the ground that the funds sought to be paid were payable under life insurance policies wherein defendant was the sole beneficiary and that the proceeds were exempt from garnishment, was filed. Hearing was had and the motion was sustained. Plaintiff gave notice of appeal and filed its petition in error and case-made in this court. The attempted appeal was dismissed by this court on November 10, 1940, because not filed within 30 days from the date of the order quashing the garnishment proceedings.

At the time the order quashing the garnishment was entered no judgment had been entered in the main action on the notes. But on September 12, 1940, some two months before the attempted appeal was dismissed, judgment was entered in the district court against defendant on the two notes. On September 28, 1940, general execution was issued and returned by the sheriff on October 8, 1940, showing no property found, neither personal nor real, on which to levy. November 20, 1940, garnishment proceedings in aid of execution were initiated under section 497, O. S. 1931, 12 O. S. 1941 § 847.

Interrogatories were issued and served on the garnishees as provided by law. Both garnishees answered showing that they were indebted to defendant on account of the insurance policies the same as in their answers in the original garnishment proceedings, and then pleaded that the proceeds of the policies were exempt to defendant, and also pleaded that the question of the exemption of the funds had been fully and finally adjudicated in the former proceedings in garnishment; res adjudicata was pleaded. Again defendant filed motion to dissolve the garnishment upon the grounds that the proceeds of the policies were exempt to her and that the questions had been fully and finally adjudicated in the former proceedings. The motion to discharge was sustained on both grounds, and plaintiff appeals.

The parties agree that but two questions are involved. The facts are not in dispute. The questions presented are questions of law involving the plea of res adjudicata and exemption.

Plaintiff first contends that the former ruling on the motion to discharge the garnishment was and is not res adjudicata. Plaintiff relies upon Shelby v. Ziegler, 22 Okla. 799, 98 P. 989; Mannford State Bank v. Arnold, 105 Okla. 131, 221 P. 76, and Cherry v. Godard, 179 Okla. 158, 64 P. 2d 315.

Defendant asserts that Shelby v. Ziegler, supra, is distinguishable and not controlling on the question of res adjudicata, and that Johnson v. Roberts, 124 Okla. 68, 254 P. 88, is the settled law of this state on the question of the exemption here involved and is in conformity with the public policy of this state to encourage husbands and fathers to provide protection for their wives and children.

The order sustaining the motion to quash the garnishment is not res adjudicata, if we are to follow Shelby v. Ziegler, supra.

Defendant, as stated, asserts that Shelby v. Ziegler, is distinguishable in that the question came before the court the second time in an action to set aside the sale of the property theretofore attached, as being in fraud of creditors, and was not a second attachment of the same property. But the final remedy sought was the same, viz., to subject the same property to the payment of plaintiff's claim. The distinction is one of form rather than substance.

But there is a serious question as to the correctness of the decision of this court in Shelby v. Ziegler, supra. The decision in that case is based largely upon the holding of the Supreme Court of the State of Kansas, which held that the ruling of a court refusing to dissolve an attachment, or refusing to quash a garnishment, was not a final adjudication of the question arising. All or nearly all of the decisions upon which the court based its decision in the Shelby Case were cases of that nature. All or nearly all the cases cited by the plaintiff in the present case, aside from the Shelby Case, are likewise cases involving rulings refusing to dissolve attachments or garnishments. The Shelby Case, so far as has been called to our attention, is the only case arising under statutes which give the right of appeal from an order discharging or modifying an attachment, and limiting the time within which such appeals may be taken, holding that such ruling is not final unless appealed from and reversed.

We note that Watson v. Jackson, 24 Kan. 442, cited in the Shelby Case, supra, was a case where the court had refused to dissolve an attachment. So is the case of Brunson v. Merrill, 17 Okla. 44, 86 P. 431. So was Sparks v. City National Bank of Lawton, 21 Okla. 827, 97 P. 575. Heidel v. Benedick, 61 Minn. 174, 63 N. W. 491, also was a case where the court in the first instance refused to dissolve the attachment. Cases are cited from other jurisdictions holding that the question of exemption may not be litigated on motion to dissolve an attachment. However, such practice has long been recognized by the Kansas courts, acquiesced in by the Territorial Supreme Court, and followed by this court in Sparks v. City National Bank of Lawton, supra.

As to attachment, the general rule is that an order dissolving the attachment is a final adjudication of all questions arising in the attachment proceedings unless an appeal therefrom is taken in due time. 6 C. J. 464.

Garnishment is a species of attachment and a plaintiff may appeal from an order dissolving or quashing a garnishment under the provisions of 12 O. S. 1941 § 983. State ex rel. Com'rs of Land Office v. Elam, 161 Okla. 288, 18 P. 2d 865; Farmer's National Bank v. Tennison, 90 Okla. 216, 217 P. 182. The rule that a final order made on a motion is not final where an appeal may be taken is no longer applied in Kansas or in this state. Board of County Com'rs v. McIntosh et al., 30 Kan. 234, 1 P. 572; Caldwell v. Traub, 172 Okla. 12, 43 P. 2d 1047.

Under 12 O. S. 1941 § 1181, defendant may in all cases, by answer duly verified, defend the proceedings against a garnishee upon the ground that the indebtedness of the garnishee, or any property held by him, is exempt from execution against such defendant, or for any other reason is not liable to garnishment. Under 12 O. S. 1941 § 1178, subd. 4, a garnishee may state any claim of exemption from execution on the part of defendant or other objection known to him against the right of plaintiff to apply upon his demand the indebtedness or property disclosed. These statutory provisions afford a full and complete method by which the question of whether the money or property sought to be subjected to plaintiff's demand by garnishment proceedings is exempt, may be determined separate and apart from the issues involved in the main action, and afford a plaintiff full right of appeal from an adverse ruling. Where, as here, the facts are not in dispute, and the question is one of law, there appears to be no reason why the judgment and order of the court on such question should not be final and binding on the plaintiff unless

108

appealed from within the time provided by law. It is not regarded as final as to the defendant because he is given no right to appeal.

We, therefore, conclude that the trial court was correct in sustaining defendant's motion as to the first ground, which was that the question as to the exempt character of the funds sought to be subjected to plaintiff's demand was finally and conclusively adjudicated in the former garnishment proceedings.

Insofar as Shelby v. Ziegler, supra, appears to be in conflict with the views herein expressed, it must be, and is, overruled.

What we have said renders it unnecessary to re-examine the cases of Johnson v. Roberts, supra, and First State Bank v. Conn, 136 Okla. 294, 277 P. 928.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, and DAVISON, JJ., concur. HURST and ARNOLD, JJ., absent.