**Logan TOWNSEND, Respondent,**

v.

**A. K. HOMAN and Jerry Homan, d/b/a Homan's Garage, Appellant.**

No. 23297.

Kansas City Court of Appeals.

Missouri.

June 5, 1961.

Kranitz & Kranitz, St. Joseph, for appellant.

Brown, Douglas & Brown, St. Joseph, for respondent.

SPERRY, Commissioner.

This is a replevin suit brought by Logan Townsend, plaintiff, against A. K. and Jerry Homan, a partnership doing business as Homan's Garage. Plaintiff had a verdict for possession of a 1954 Pontiac automobile, the subject of the controversy, and for damages in the sum of $500, "against the defendant * * *". Jerry Homan appealed from the ensuing judgment entered against him alone.

Defendants, father and son, were partners in the operation of a garage and shop. The son entered on plaintiff's premises and, with the aid of one Larry Amos, took possession of a 1954 Pontiac Convertible automobile the legal title to which was vested in plaintiff.

The essential facts are not in dispute. Plaintiff lived on a farm near the small town of Cosby. Larry Amos married his daughter and, in January, 1958, they want-

ed to purchase an automobile. Amos owned a car for which he had paid $200, and which he traded in on the above mentioned Pontiac but there was a cash difference to be paid. Amos' credit was not good and he requested plaintiff to execute a note for $1,039 as part payment on the Pontiac. Plaintiff executed the note and chattel mortgage and title was taken in his name. During August, 1958, Amos and his wife became estranged and separated. Amos stopped making payments on the car note and sent word to plaintiff to come and get the car, as he intended to enlist in the U. S. Air Force and would lose the car in any case. On September 1, plaintiff saw Amos and was given the keys and possession of the vehicle after Amos took his personal belongings from it. .

Plaintiff took the car to his home, parked it and removed the keys. Amos testified to the effect that, on September 2, defendant Jerry Homan contacted him and demanded payment of a repair bill on the car, owed him by Amos, for work done long prior thereto; that Amos told him that plaintiff had the car but that he, Amos, would pay the bill; that Jerry insisted that, since plaintiff had possession of the car he should pay the bill and that, in the meantime, he would take the car to the Homan garage until the bill was paid; that, on September 3, Jerry, his mother, and Amos drove to plaintiff's home during his absence, hooked a chain on the car and towed it several miles to defendants' garage, where they jacked it up on blocks, removed the wheels from it, and chained it so that it could not be removed. It remained in that condition until the date of trial, April, 1960, in the open and without being operated.

Plaintiff stated that the nominal price of the car was $1,239, of which $1,039 was paid by note and chattel executed by him; that Amos paid some of the monthly payments on the note; that, after he took possession of the car he made all payments on the note, (and it was fully paid) approximately $800; that the title to the car was issued in his name when the car was pur-chased, and was in his name on the date of trial; that he had frequently seen the car at defendants' garage, the last time about March 1, 1960; that he doubted if it was then of market value of $300.

■ Defendants' first contention here is that plaintiff may not maintain replevin because he is only the legal owner and that Amos was the equitable owner when defendants took it, plaintiff not having paid anything on the car prior thereto. Amos would never have had possession of the car but for plaintiff's having signed a $1,039 note for its purchase. He admitted that "they", presumably meaning the mortgagee, would have taken it in any case and that he voluntarily offered it to plaintiff and gave him the keys. Amos thereby abandoned all of his claim and interest in favor of the legal owner and has never asserted any rights in the car thereafter.

■ Defendants claim that, actually, plaintiff's property was taken by Amos, who accompanied Jerry and assisted him in taking it. But Amos was moved throughout by Jerry, who caused the wheels to be removed and the car chained so that no one could take it from the Homan garage. Amos had no such interest in the property as to be a joint owner, so as to bring the case within the doctrine urged by defendants and supported by Draper v. Farris, 56 Mo.App. 417. The only issue in this case is the right of ownership, and the evidence would fully support a finding that plaintiff was the owner. Young v. Griesbauer, Mo. App., 183 S.W.2d 917, 920.

■ It is contended that there was no substantial evidence offered tending to establish the market value of the automobile as of the time of the taking or as of the date of trial. Such evidence is essential and, in its absence, a judgment for general damages may not be sustained. Blashfield's Cyclopedia of Automobile Law and Practice, vol. 7A, Garagemen and Repairmen, § 5067, page 605; Anthony v. Sapulpa Motor Company, 162 Okl. 263, 20 P.2d 172,

173; Rosenblatt v. Winstanley, Mo.App., 186 S.W. 542, 543.

■■ There was evidence to the effect that the purchase price of the automobile, in January, 1958, was $1,239. That is presumptive evidence of its value *at that time*. Dingman v. St. Louis Public Service Company, Mo.App., 52 S.W.2d 584, 586. But the automobile was seized by defendants, September 3, seven months later. The record is barren of any evidence touching the question of its value as of that date. Plaintiff testified that, in his opinion, the automobile would not sell for $300 when he last saw it, casually and at a distance, some six weeks prior to the trial. Such evidence of value has been criticized and condemned. Hayes v. Adams, 241 Mo.App. 560, 244 S.W.2d 123, 126–127. We do not consider the evidence as to value at the time of taking and at the time of trial to be of such probative quality as to justify the giving of an instruction authorizing a verdict for general damages.

■ Complaint is made of the form of the verdict. It is as follows: "We the jury find for the plaintiff and against the defendant that plaintiff is entitled to possession of the 1954 Pontiac automobile mentioned in evidence, and we further find for the plaintiff and against the defendant and assess plaintiff's damages at $500."

Section 533.140, V.A.M.S. provides, in effect, that if the defendant fail in his defense and have the property in his possession, the court or jury shall assess the value of the property, and the damages for all injuries to the property, and for the taking and detention, or detention, of the same. Clearly, the verdict is not in form as required by the statute, although it is in response to instruction P.4, which instruction is erroneous.

Other criticisms are made of instructions but probably, if the case be tried anew, such criticisms will not again appear. We shall refrain from lengthening this opinion in anticipation of points that may not be material.

The judgment is reversed and the cause is remanded.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.

HUNTER, P. J., and BROADDUS, J., concur.

CROSS, J., not sitting.