In the Matter of George Leroy PRIVETT
and Alice Jeanne Privett,

Warren L. McCONNICO, Trustee,
Appellant,

v.

George Leroy PRIVETT and Alice Jeanne
Privett, Bankrupts, Appellees.

No. 168-70.

United States Court of Appeals,
Tenth Circuit.

Dec. 22, 1970.

Fred W. Woodson, Tulsa, Okl., for appellant.

John A. Cochran, Tulsa, Okl., for appellees.

Before HILL and McWILLIAMS, Circuit Judges, and BRATTON, District Judge.

HILL, Circuit Judge.

This appeal is from an order of the District Court for the Northern District of Oklahoma which sustained the decision of the Referee in Bankruptcy, holding the cash surrender value of a life insurance policy on George Privett, bankrupt, to be exempt from his estate and from the estate of his bankrupt wife. The trustee appeals.

The facts in this bankruptcy litigation are undisputed and appear as follows. George Leroy Privett and Alice Jeanne Privett, husband and wife, each filed voluntary petitions in bankruptcy. The

cases were consolidated for purposes of administration, with appellant serving in the dual capacity of trustee for the estates of both appellees. At the time of bankruptcy, George Privett was the owner of a $10,000 endowment life insurance policy wherein he was named as the insured and his wife was denoted as first beneficiary, with two children named as contingent beneficiaries. The insured has paid the premiums, has the sole right to assign the policy or surrender it for cash benefits, and has reserved the right to change the primary and contingent beneficiaries. At the time of bankruptcy, the policy had a cash surrender value of approximately $2,500.

Both appellees have claimed the insurance policy and its cash surrender value as exempt from the operation of the Bankruptcy Act, hence not includable within the estates to which the trustee may lawfully assume title. The trustee takes the contrary position, asserting that the claimed insurance exemption was not allowable. The Referee, considering each estate as separate and distinct, held that as to the estate of Alice, her right to the proceeds was at best a mere expectancy, not a vested property right, and as such was not an asset of her estate. As to the estate of the bankrupt insured, the Referee concluded that under Oklahoma law, the cash surrender value was exempt. The District Court sustained the conclusions of the Referee, holding the findings to be neither arbitrary nor clearly erroneous.

The Bankruptcy Act, 11 U.S.C. § 110(a), provides that the trustee shall be vested "with the title of the bankrupt * * * except insofar as it is to property which is held to be exempt * * *." This exemption language refers to the property declared exempt under 11 U.S.

C. § 24 which gives full effect to the exemption statutes of the individual states. 4A Collier on Bankruptcy ¶ 70.08 (14th ed.). The applicable Oklahoma statute pertaining to life insurance policies, 36 Okl.St.Ann. § 3631(A), provides as follows:

"When a policy of life insurance is effected by any person on his own life or on another life in favor of some person other than himself having an insurable interest ' therein, or made payable by assignment, change of beneficiary or other means to a third person, the lawful beneficiary thereof or such third person, other than the person effecting the insurance or his legal representatives, shall be entitled to its proceeds against the creditors and representatives of the person effecting the same."

The trustee argues that under a proper construction of this statute, a bankrupt insured is not granted an exemption insofar as the cash surrender value of a policy is concerned. By appellant's interpretation, the only protected party is the beneficiary, who may claim exemption only as to the creditors of the bankrupt insured. The Supreme Court of Oklahoma has not ruled on this question, so we will defer to the trial judge's view of the state law unless that view is clearly erroneous. Nevin v. Hoffman, 431 F.2d 43 (10th Cir.1970); Brunswick Corp. v. J. & P., Inc., 424 F. 2d 100 (10th Cir.1970).

There are two decisions which arose in Oklahoma federal district courts prior to the 1957 revision of the exemption statutes, which bear on the question now before this Court. Brown v. Home Life Insurance Company of New York, 3 F.2d 661 (E.D.Okla.1925), held that under old section 6727, Compiled Oklahoma Statutes 1921,[1] the proceeds of policies on

---

1. The equivalent of Section 6727 does not appear in the revised statutes. "Every policy of life insurance made payable to or for the benefit of a married woman, or which after its issue is assigned, transferred, or in any way made payable to a married woman, or to any person in trust for her or for her benefit, whether procured by her, her husband or by any other person, and whether the assignment or transfer is made by her husband or by any other person, shall inure to her separate use and benefit * * *."

the life of a deceased bankrupt did not pass to the trustee for the benefit of creditors of the bankrupt estate. Rather, the beneficiary, who was also the wife of the deceased insured bankrupt, was entitled to the proceeds of the policy, including the cash surrender value.

In re Newberger, 1 F.Supp. 685 (W. D.Okla.1932), posed a slightly different issue. The question there was whether, under Oklahoma law, the cash surrender value of insurance policies could be claimed as exempt by a bankrupt. After reciting the pertinent Oklahoma statutes, the court compared section 6726, Compiled Oklahoma Statutes 1921 [2] with a similar New York statute which had been construed to exclude the cash surrender value of the life insurance policy from administration in bankruptcy. The court seemed to adopt the New York interpretation, concluding that it was but a restatement of the Brown decision.

The trustee takes the position that neither of these cases resolves the issue in doubt in this case, particularly in light of the revised statute, 37 Okl. St.Ann. § 3631(A). Although it may be conceded that the foregoing decisions do not decisively conclude our inquiry, they do illustrate that the abiding concern under the old statutes was to protect the innocent beneficiary. The trial court concluded that the statutory revision did not divest the new law of that concern, but intended to continue to insulate the beneficiary from the creditors of the insured. We agree.

The next problem is how to best effect the purpose of the new statute without rewriting it to grant an unqualified exemption to all bankrupts. The Second Circuit considered the problem in In re Messinger, 29 F.2d 158 (2d Cir.1928) and developed what we feel to be a sound approach. The New York statute before that court was nearly identical to 36 Okl.St.Ann. § 3631(A). It did not exempt the bankrupt if he exercised his reserve power to change his beneficiaries for his personal advantage, but it attempted to exempt the proceeds so far as beneficiaries other than the bankrupt were concerned; it did not attempt to protect the insured against his own creditors, but only sought to prevent them from affecting the rights of the beneficiaries other than the insured.

That court held that while an insured may change the beneficiary after adjudication of bankruptcy, and appoint to himself, he cannot be compelled to do so by the trustee, for to do so would deprive the beneficiaries of their interest. "Thus there is an allowance of an exemption to the bankrupt to the extent of the right of the trustee to compel him to exercise the reserved power. While the benefit inures directly to the beneficiary and not to the bankrupt, yet it is an exemption of the bankrupt himself to the extent indicated." In re Messinger, 29 F.2d at 160.

A similar argument was also considered and decided adversely to the trustee in Magnuson v. Wagner, 1 F.2d 99 (8th Cir.1924), a case cited with approval but without comment in the Brown decision. The reasoning followed more closely to principles of contract law than did Messinger, but again the court's abiding concern was to protect the interest of the beneficiary, limited as it may be, from a compelled divestment. And in Pearl v. Goldberg, 300 F.2d 610 (2d Cir.1962), the court held that the cash surrender value of a bankrupt's life insurance policy, under which he retained power to change beneficiaries, was exempt and beyond the reach of the trustee, notwithstanding the language of the Connecticut statute which provided that only a beneficiary other than the insured could claim the exemption.

2. Section 6726 is the precursor to 36 Okl. St.Ann. § 3631(A). "When a policy of insurance is effected by any person on his own life, or on another life in favor of some person other than himself having an insurable interest therein, the lawful beneficiary thereof, other than himself or his legal representative, shall be entitled to its proceeds against the creditors and representatives of the person effecting the same * * *."

Although 36 Okl.St.Ann. § 3631(A) does not in terms grant an exemption to a bankrupt insured, we cannot conclude that it was clear error to construe the statute as permitting such exemption, to the extent indicated in Messinger, supra. To hold otherwise would be to allow indirectly that which the statute directly prohibits, *i.e.*, the creditors of the bankrupt insured defeating the interest of the beneficiaries.

We see no need to elaborate on the right of the trustee to reach the life insurance proceeds through the estate of Alice Privett. At the time of bankruptcy the wife, as primary beneficiary, had nothing more than a mere expectancy in the proceeds of the policy. American National Insurance Company v. Reid, 108 F.Supp. 428 (W.D.Okla.1952); City National Bank of Lawton v. Lewis, 73 Okl. 329, 176 P. 237 (1918). The right was not a vested property interest and was not an asset of the bankrupt, Alice Privett. 4A Collier on Bankruptcy, ¶ 70.23 [7].

In view of the foregoing conclusions, the order of the District Court is modified to provide that if the bankrupt shall at any time exercise his power to change the beneficiary for his personal advantage, the cash surrender value shall constitute unadministered assets of the bankrupt estate. As thus modified, the order is affirmed.